R. A. KYKER, JR., by next friend R. A. KYKER, SR.,

*v.*

GENERAL MOTORS CORPORATION.

381 S.W.2d 884.

(*Knoxville,* September Term, 1963.)

(May Session, 1964.)

Opinion filed September 4, 1964.

522

OGLE & OGLE, Sevierville, ROBERT L. OGLE, JR., Sevierville, of counsel, for petitioner.

POORE, COX, BAKER & MCAULEY, Knoxville, ARTHUR D. BYRNE, Knoxville, of counsel, for respondent.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion R. A. Kyker, Jr., suing by next friend R. A. Kyker, Sr., will be referred to as petitioner, and General Motors Corporation by name.

Petitioner sued General Motors and their dealer, Sevier Motor Company, obtaining a verdict and judgment against General Motors rescinding the contract on the sale of a new automobile on the basis of a breach of warranty. The Court of Appeals (Eastern Section) has reversed this action of the Trial Court on the ground. there was no privity of contract between petitioner and General Motors. We have granted certiorari.

The facts necessary to state in this opinion are as follows: Petitioner purchased a new Chevrolet automobile manufactured by General Motors, from Sevier Motor Company, an authorized dealer of the manufacturer. In connection with this sale petitioner received a written warranty covering defective workmanship and parts. The warranty, prepared and supplied by General Motors, is by its terms a warranty from the dealer, as seller, and not as agent of General Motors. It is undisputed an employee of Sevier Motor Company presented this warranty to petitioner and signed the booklet containing the warranty, among other things, as a representative of Sevier Motor Company. However, it does not appear, from the record General Motors required this warranty to be given to the petitioner.

Petitioner, soon after delivery, experienced trouble with the engine of this automobile. The difficulty was in the valves, valve push-rods and head of the engine. Due to this trouble he returned the car to Sevier Motor, on several occasions, for repairs, without success. Whereupon, petitioner, through counsel, wrote a letter to Sevier

Motor seeking to rescind this sale contract, tendering the automobile and requesting a return of the purchase money. Upon refusal of Sevier Motor to accept the offer this suit was instituted.

Petitioner sued General Motors and Sevier Motor Company, as principal and agent, in a three count declaration asserting joint and several liability. Each count was based on the allegation petitioner received, at the time of purchase, a defectively manufactured automobile. Relief was sought under the Uniform Sales of Goods Act (Sec. 47-1212 T.C.A.) for breach of express written warranty and/or under the statutory implied warranties of quality or fitness Act, (Sec. 47-1215 T.C.A.).

To this declaration General Motors entered a demurrer on the ground there was no privity of contract between itself and petitioner. They further alleged Sevier Motor to be an independent dealer and not an agent of General Motors. This demurrer was overruled and again asserted, on the motion for a directed verdict, but again overruled.

General Motors, upon close of all the proof, entered a motion to require petitioner to elect whether he sought rescission of the contract of sale or damages. This motion was made since petitioner sought relief under our Uniform Sales of Goods Act being Chapter 12 of Title 47, T.C.A. Under Section 47-1269 of these statutes a buyer is given the option in a warranty action to seek rescission or damages. Petitioner chose to stand on rescission. In this opinion when the Uniform Sales of Goods Act is referred to the reference is to these code sections prior to the enactment of Chapter 81 Public Acts of 1963.

The trial resulted in a verdict and judgment against General Motors. Rescission of the contract granted and petitioner awarded the purchase price, less depreciation. General Motors was awarded the automobile. Sevier Motor escaped all liability. No appeal was taken as to Sevier Motor and the judgment in their favor has become final.

Upon appeal by General Motors the Court of Appeals (Eastern Section) held the Trial Court in error for not granting the directed verdict in favor of General Motors, since under the record Sevier Motor was an independent dealer, and not an agent of General Motors. Consequently there was no privity of contract between petitioner and General Motors and there could be no recovery in warranty.

We think the decision of the Court of Appeals must be affirmed, because of two peculiar aspects of this case.

The first difficulty in this case arises from the form of relief granted petitioner when considered in relation to the party found liable. The judgment is for rescission of this sale contract which is in keeping with the election made by petitioner under our Uniform Sales of Goods Act. Then for this judgment to stand we would have to hold this Act applies to General Motors under the circumstances of this case.

All the evidence is to the effect this sale was made by Sevier Motor, as an independent dealer, and not as an agent of General Motors. There is no evidence General Motors was a contracting party in this sale.

This situation stems from a misapplication of the provisions of the Uniform Sales of Goods Act which

finds its genesis in the case of *General Motors Corporation v. Dodson,* 47 Tenn.App. 438, 338 S.W.2d 655 (1960). The facts of the Dodson case are very similar to those in the present case, it also being a suit against a manufacturer for breach of warranty. The pertinent aspect here of the decision in the Dodson case is the holding the Uniform Sales of Goods Act created an implied warranty from the manufacturer to the consumer, in a situation where the manufacturer was not the plaintiff's vendor. From this holding petitioner apparently reasoned the remedies available under the Uniform Sales of Goods Act applied as well as the warranties created by the Act.

■ ■ We do not think the provisions of the Uniform Sales of Goods Act were ever intended to, or should, define the rights, remedies and liabilities of a purchaser as against a manufacturer who is not his immediate vendor or a party to the contract of sale. The Uniform Sales of Goods Act is limited to delineating the principles governing the rights of the parties to the contract of sale. See *Greenman v. Yuba Power Products, Inc.,* 59 Cal.2d 67, 377 P.2d 897 (1963), which touches this problem with special reference to the requirement of notice. Apparently that case is the first to hold that the provisions of the Uniform Sales of Goods Act do not apply. Also see Recent Developments, Manufacturers' Warranties and the Sales Act, 15 Stan.L.Rev. 381 (1963).

■ To apply the provisions of the Uniform Sales of Goods Act to this type of situation flies in face of the very terms of the Act itself. The Act is couched in terms of ''buyer'' and ''seller'' and a fair reading of its provisions indicate clearly it is intended to apply to only transactions between vendor and vendee and should not extend to the relations between a manufacturer, not a

vendor, and the consumer. Not only is this true, but the anomalous result reached in this case by the Trial Court shows one of the difficulties inherent in applying the Uniform Sales of Goods Act to this set of facts. Thus we reject the application of the Uniform Sales of Goods Act in this and similar situations.

The second difficulty with this case also involves the jury's verdict which we think is self-contradictory and inconsistent.

The gravamen of petitioner's cause of action was that he received, at the time of purchase, a defectively manufactured car. As such the liability of either or both General Motors and Sevier Motor Company depended upon a finding the car was defective when received by petitioner.

The jury's verdict absolved Sevier Motor Company of liability. Necessarily this meant the car was not defective when delivered to petitioner. However the verdict against General Motors also necessarily meant the car was defective when delivered. Under the sound principle found in *Cantrell v. Burnett & Henderson Co.*, 187 Tenn. 552, 216 S.W.2d 307 (1948) this verdict cannot stand.

In the above case Cantrell sued both the dealer and manufacturer for breach of warranty for damages resulting from an allegedly defectively manufactured car. The case against the manufacturer was taken from the jury, but the case against the dealer went to the jury. The jury found that the car was not defective at the time of sale.

In denying certiorari this Court stated any subsequent suit against the manufacturer for breach of warranty was foreclosed by the jury's verdict.

The Court said that the case was controlled by the principle of law that where a servant is sued for a tort and the verdict is in his favor, a subsequent suit against the master for the same tort, based upon the servant's conduct, will fail. While noting that the relationship between the manufacturer and the dealer was not one of master and servant, but rather one of vendor-vendee, this Court said the same principle applied.

"However, we can perceive no distinction in principle on the question of liability here from that when the relation is that of master and servant wherein the master in a separate action is sought to be held liable solely because of an alleged tort done by the servant, and in which it has been finally adjudged that the servant committed no tort. In that case the master could not, as a matter of law, be liable for the alleged negligence of his servant, when it had been judicially determined that the servant was not negligent. So, in the present case, the manufacturer, as a matter of law, could not be liable for an alleged fire causing defect in the automobile at the time it was sold to a dealer when it had been judicially determined that the fire which destroyed the car was not caused by any alleged defect existing in that car when the dealer subsequently sold it to the one who claims damages from the manufacturer. Any other conclusion is contrary to both principle and precedent." 187 Tenn. at 558-559, 216 S.W.2d at 310.

We can see no reason why the above principle should not control this case. Although this case does not involve two different suits, the analogy to the Cantrell case is striking and the reasoning pertinent. If separate suits had been brought against General Motors and Sevier Motor Com-

pany on the same basis as the present suit we have no doubt that the jury's verdict in one would have controlled the other. Therefore when tried together as in this case one defendant cannot be liable and the other absolved when the liability of each depends upon the same issue.

■ Petitioner, under his petition to rehear in the Court of Appeals, contended even if there could be no recovery under warranty the action could still be sustained on the ground of negligence. The Court of Appeals rejected this argument on the ground there was no proof of negligence in the record. Disregarding how the form of relief and the contradictory verdict would affect proven negligence in this case we also find this argument without merit for the same reason given by the Court of Appeals. There is also another reason why petitioner could not recover on the grounds of negligence. The case was tried on the theory of breach of warranty and not on negligence. Therefore on appeal petitioner is confined to the theory upon which he tried his case in the first instance. *Simpson v. Harper,* 21 Tenn.App. 431, 438, 11 S.W.2d 882 (1937); *Phillips v. Tidwell,* 26 Tenn. App. 543, 552, 174 S.W.2d 472 (1942); and *Thomas v. Noe,* 42 Tenn.App. 234, 240, 301 S.W.2d 391 (1956).

■ For the reasons stated in this opinion the judgment of the Court of Appeals is affirmed. Normally the procedure to be followed would be to reverse and remand for a new trial. However the judgment in favor of Sevier Motor Company was not appealed and is not before us and has since become final. With the case in this posture a remand would not be proper because all the original parties could not again be brought into the suit and the case litigated on the same basis as originally done. The case must therefore be dismissed.