Arthur C. Aulisi, J.
Plaintiff purchased a 1970 Pontiac automobile from Shepard Pontiac, Inc., hereinafter called “Shepard”, for which plaintiff paid Shepard the sum of $4,986.74. Plaintiff claims that thereafter while she was operating said Pontiac automobile on the New York State Thruway smoke from under the hood entered the body of the vehicle causing her personal injuries; that plaintiff returned said vehicle to Shepard and demanded the return of the $4,986.74 paid by her to Shepard for the automobile, but that Shepard refused to return the purchase price.
This action was commenced against Shepard and the manufacturer of the automobile, General Motors Corporation, hereinafter called “ General Motors ”. The complaint contains two causes of action. The first cause of action is for rescission of the agreement of purchase and for the return of the consideration paid to Shepard for the automobile. The second cause of action is for personal injuries sustained by plaintiff and is grounded in negligence. We are not concerned with the second cause of action since same is not being challenged.
In her complaint plaintiff alleges that General Motors, through its various advertisements, represented that said vehicle was safe for use on the public highway and for occupancy by human beings, and that in making said purchase plaintiff relied upon said representations. There is no allegation that General Motors was a party to the agreement of purchase or that Shepard was either the agent or legal representative of General Motors when Shepard sold the vehicle to plaintiff. It appears that no written contract was entered into between Shepard and plaintiff. In any event, none has been furnished to the court although a copy was requested if same was available.
On this motion, General Motors attacks the sufficiency of the first cause of action so far as it relates to the movant and asks for its dismissal. It is contended by General Motors that it cannot be held liable in the first cause of action for rescission of the agreement of purchase since General Motors was not a party to such agreement between plaintiff and Shepard.
There has been an increasing tendency by the courts of this State to extend the area of liability for breach of warranty by eliminating the requirement of privity of contract between the manufacturer and the ultimate user. Where the product results in physical or property damage to a remote user, an action by the latter has been upheld whether grounded in breach of warranty or in negligence. A breach of warranty resulting in harm is now characterized as a tortious, wrongful act. Hence, both *996 causes of action — breach of warranty and negligence — are in tort. (Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432, 436; Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5; Singer v. Walker, 21 A D 2d 285.)
More recently there has been a further extension of liability for breach of implied warranty of merchantability when the court applied the “ danger invites rescue ” doctrine against a manufacturer. (Guarino v. Mine Safety Appliance Co., 25 N Y 2d 460; 50 Albany L. Rev., pp. 757-764.) In Guarino the court said (p. 465): “ We conclude that a person who by his culpable act, whether it stems from negligence or breach of warranty, places another person in a position of imminent peril, may be held liable for any damages sustained by a rescuer in his attempt to aid the imperilled victim.”
Despite the considerable liberalization of the privity of contract rule in breach of warranty cases and the general trend towards making the manufacturer responsible for loss resulting to the ultimate user from a product-related physical or property damage, this court can find no instance in which a party (manufacturer) having no privity relationship has been held responsible in an action for rescission of the agreement between a dealer and a consumer.
In her complaint plaintiff alleges that she ‘ ‘ elected to rescind said agreement of .purchase because of the defendants’ misrepresentation and the failure of consideration and returned to the defendant, Shepard Pontiac, Inc., said vehicle and demanded the return of the consideration paid to said Shepard Pontiac, Inc., by the plaintiff. ’ ’
Rescission is defined as the act of abrogating, canceling, vacating or annulling; the undoing of a thing. (77 C. J. S., Rescission, p. 277.) The purpose of rescission is to restore the parties to the contract to the status, as nearly as may be possible, existing at the time immediately prior to the making of the contract. Plaintiff purchased the vehicle from Shepard and not from General Motors. She seeks the return of the purchase price which she paid to Shepard and from whom she demanded its return. A contract cannot be rescinded against one who is not a party to the contract. A manufacturer’s express or implied warranty of fitness of his product for its contemplated use running in favor of all its intended users does not give rise to liability on its part in an action to rescind the contract and for the return of the purchase price paid to a dealer by the ultimate consumer.
*997 General Motors’ motion for dismissal of plaintiff’s first cause of action against defendant General Motors Corporation is hereby granted.
Submit order accordingly.