J. W. HARGROVE, Appellant,

*v.*

W. L. NEWSOME, d/b/a MATERIALS HANDLING SERVICES
and KELLEY COMPANY, INC., Appellees.

470 S.W.2d 348

(*Nashville,* December Term, 1970.)

Opinion filed June 7, 1971.

Petition to Rehear Denied September 7, 1971

William W. Hall, Dickson, Oliver B. Dickins, Gullett, Steele, Sanford, Robinson & Merritt, Nashville, for appellant.

J. C. Summers, Howser, Thomas, Summers & Binkley, Nashville, for W. L. Newsome, dba, Materials Handling Services.

464

John K. Maddin, Jr., Gracey, Buck, Maddin & Cowan, Nashville, for Kelley Company, Inc.

Mr. Chief Justice Dyer delivered the opinion of the Court.

This case comes to this Court from the action of the trial judge in sustaining demurrers filed in answer to the declaration, dismissing the suit. In this opinion the parties will be referred to as they appeared in the trial court; that is, J. W. Hargrove, as plaintiff, and W. L. Newsome, dba, Materials Handling Services, and Kelley Company, Inc., as defendants, or by name.

Plaintiff is an employee of the Schrader Division of Scoville Manufacturing Company. On July 8, 1966, Schrader purchased a mechanical dock from the defendant Newsome, which dock was manufactured by the

defendant Kelley. On September 22, 1967, plaintiff, while acting in the course of his employment with Schrader, was seriously injured due to an alleged malfunction of the mechanical dock. This suit was filed on September 16, 1968 against both defendants on the theory of (1) common law negligence, (2) express and implied warranty, and (3) strict liability sounding in tort.

The negligence and strict liability counts were dismissed as being barred by the one-year statute of limitations under T. C. A. sec. 28-304 in effect prior to its amendment by Chapter 293, Public Acts of 1969. The warranty counts were dismissed for lack of privity of contract.

At this point we would like to express our appreciation for the help afforded this Court by the excellent briefs filed by counsel for all parties.

█ Counsel for plaintiff frankly and candidly admits under previous decisions of this Court the trial judge was correct in sustaining the demurrers. The thrust of the argument here is that the requirement of privity of contract in warranty actions is neither justified by past authority or by any public policy argument.

We agree as plaintiff argues the courts of several states feeling a need for a more satisfactory remedy in products liability cases for consumers injured by defective products to obtain redress generally against remote manufacturers accomplished this end by abolishing the requirement of privity of contract in warranty actions. In view of the Uniform Sales Act adopted in most jurisdictions various expedients have been used to circumvent the requirement of privity of contract; among them (1) the theory of third-party beneficiary contract,

(2) agency theory, and (3) warranty running with the goods similar to a covenant running with the land. These methods and others have been praised by some writers and condemned by others. Be that as it may, it is not necessary for the decision in the case at bar for us to discuss the merits of these methods.

On this issue plaintiff cites as the landmark case *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69 (1960). In view of the more recent New Jersey cases of *Santor v. A & M Karagheusian, Inc.*, 44 N.J. 52, 207 A.2d 305 (1965), and *Schipper v. Levitt & Sons, Inc.*, 44 N.J. 70, 207 A.2d 314 (1965), it is likely true as stated in an article in Rutgers Law Review, Vol. 19, p. 698, that in New Jersey "privity has no vitality." In reading these three New Jersey cases it is difficult to determine whether they were decided upon the principle of strict liability in tort or upon the theory of implied warranty. Although the Uniform Sales Act and the more recent Uniform Commercial Code were both adopted in New Jersey, the Uniform Commercial Code being effective January 1, 1963, these cases on the issue of privity give scant consideration to these statutes. These three cases and the Uniform Commercial Code are discussed in the above mentioned Rutgers Law Review.

On the theory plaintiff argues, particularly on the public policy argument, the case of *Chapman v. Brown*, 198 F.Supp. 78 (D.C.1961), affirmed 304 F.2d 149 (9 Cir., 1962), is well reasoned. This case deals directly with the issue of privity and its relation to the Uniform Sales Act in a products liability case.

We have considered all the authority cited by plaintiff giving the reasons for the need of now abolishing privity

of contract in warranty actions. Under the view we take of the matter it is not necessary to again list or discuss these reasons.

In products liability cases this Court has consistently required privity of contract in warranty actions. *Kyker v. General Motors Corp.*, 214 Tenn. 521, 381 S.W.2d 884 (1964); *Olney v. Beaman Bottling Co.*, 220 Tenn. 459, 418 S.W.2d 430 (1967). The reasons and authority therefor are stated in these opinions. Plaintiff does cite the recent case of *Layman v. Keller Ladders, Inc.*, 224 Tenn. 396, 455 S.W.2d 594 (1970), to support a statement that "In this case (Layman) this Court hinted that it recognized the need for abolishing vertical privity requirements at least among members of the distributive chain." The only issue in *Layman* was the statute of limitations applicable to the facts of the case. *Layman* does not modify the holdings in *Kyker and Olney*.

We might well be persuaded by the arguments based on public policy in regard to the need for dispensing with the requirement of privity in warranty actions, except for one reason we consider controlling. Plaintiff had a remedy under either his count on negligence or under the count on strict liability in tort. The fact plaintiff under both these counts is unfortunately barred by a statute of limitations is not material to our decision since all civil actions are sooner or later barred by a statute of limitations.

It is next argued under the Uniform Commercial Code adopted in this state and made effective July 1, 1964, by enactment of Chapter 81, Public Acts of 1963, this Court should reconsider the requirement of privity in warranty actions. The events giving rise to *Kyker v.*

*General Motors Corp.,* supra, and *Olney v. Beaman Bottling Co.,* supra, occurred prior to adoption in this state of the Uniform Commercial Code and the point raised here in reference to this Code is of first impression in this State. The section of the Uniform Commercial Code pertinent to this issue is T.C.A. sec. 47-2-318, which reads as follows:

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

The effect of this statute is to abolish the requirement of privity of contract for personal injuries received under certain circumstances as to a member of the buyer's family, his household or a guest in his home in warranty actions brought against the buyer's immediate vendor. To this extent this statute changes the law in this state. The argument here is that this legislative change in our law should be extended to include all persons foreseeably affected by the products' defects, it being admitted plaintiff does not fall into any of the listed categories.

The Uniform Commercial Code was written under the direction of the Permanent Editorial Board and recommended to the legislatures of the various states for passage on the ground it would make the law uniform in all states regarding commercial transactions covered by the Code. The value of the Code depends to a large measure on its uniformity, particularly as to the judicial

construction courts give to the language used. This should inhibit courts from either extending or contracting the language used, particularly where the language as in T.C.A. sec. 47-2-318, on the issue here, is clear containing no ambiguities.

During the time this Code was being written the issue of privity of contract in products liability cases was being discussed pro and con in opinions by a number of courts and also by various other legal scholars. In the preparation of Section 2-318 the issue of privity was considered. One version of this section (generally referred to as the Virginia-Wyoming version) which abolished privity of contract was considered by the Permanent Editorial Board and rejected. The legislatures of a number of states in adopting the Uniform Commercial Code modified Section 2-318, which modifications generally went further in abolishing the requirement of privity of contract than does Section 2-318 as recommended by the Permanent Editorial Board. We consider these facts pertinent since the Tennessee Legislature chose to adopt the version of Section 2-318 recommended by the Permanent Editorial Board.

In consideration of this matter we conclusively presume the Legislature at the time of its enactment of the Uniform Commercial Code had knowledge that under the law of this state privity of contract was required in warranty actions involving products liability cases. Further, the Legislature with this knowledge enacted T.C.A. sec. 47-2-318, which does change the law as to privity of contract in warranty actions, but also clearly delineates the extent of the change. Under these circumstances to extend to any person not within the categories mentioned in the statute the right to bring an action upon

warranty without privity of contract would, in effect, be amending the statute under the guise of judicial construction. This we should not do.

The judgment of the lower court is affirmed.

CHATTIN, CRESON, HUMPHREYS and McCANLESS, JUSTICES, concur.

## ON SUPPLEMENTAL BRIEFS

After the above opinion had been prepared, considered and approved by the Court, plaintiff filed a supplemental brief directed to the counts of common law negligence and strict liability sounding in .tort. Reply briefs have been filed and we have again considered the case as to these two counts.

■ The negligence and strict liability counts were dismissed on authority of *Jackson v. General Motors Corporation,* 223 Tenn. 12, 441 S.W.2d 482 (1969). In the supplemental brief plaintiff cites three recent cases arising out of the United States District Courts in Tennessee to support an argument that under the facts of the case at bar *Jackson v. General Motors Corporation,* supra, is not applicable. We have carefully considered the federal cases cited and are of the opinion *Jackson v. General Motors Corporation,* supra, is applicable to the case at bar. In *Jackson v. General Motors Corporation,* supra, we held the applicable statute, T.C.A. sec. 28-304, (prior to amendment) commences to run at the date . of the wrongful act or omission whether the damages occasioned were on the same date or later. In the case at bar the wrongful act or omission was occasioned on the date of sale (July 8, 1966), and suit was not filed within one year from that date.

The Court was at the time of its consideration of *Jackson v. General Motors Corporation,* supra, and is now, fully aware that the decision in *Jackson* could and very likely would cause hardships in certain cases. The decision in *Jackson* was controlled by the decision in *Albert v. Sherman,* 167 Tenn. 133, 67 S.W.2d 140 (1934), and in both of these cases the Court was careful to point out the fact such hardships could result. Even so, during the thirty-four year period between *Albert* to *Jackson* the Legislature did not see fit to change the language of the statute at issue. Since *Jackson,* the Legislature has seen fit to make material changes in the statute.

Plaintiff also cites a recent opinion by the Court of Appeals styled *Harts v. Tennessee Liquified Gas Corporation.* This case is now in the appellate procedure and we do not deem it proper to comment on same at this time.

The judgment is affirmed.