CLARENCE R. REECE

*v.*

YEAGER FORD SALES, INC., *a corporation*
*and*
FORD MOTOR COMPANY, *a corporation*

(No. 12951)

Submitted September 28, 1971. Decided November 23, 1971.

*Kay, Casto & Chaney, George S. Sharp,* for Ford Motor Co.

*Camper & Watson, Wade T. Watson,* for appellee.

HAYMOND, JUDGE:

In this civil action instituted in the Circuit Court of McDowell County February 11, 1969, the plaintiff, Clarence R. Reece, seeks rescission of a contract for the purchase on July 5, 1968 of a Ford LTD sedan automobile from the defendant Yeager Ford Sales, Inc., a corporation, the dealer, hereinafter sometimes referred to as Yeager, and the defendant Ford Motor Company, a corporation, the manufacturer of the automobile, hereinafter sometimes referred to as Ford, upon the grounds of breach of an express warranty and fraud on the part of Yeager and Ford with respect to the sale and also a recovery against both defendants for the purchase price of $4,155.00 and insurance costs and finance charges of $595.00 in connection with the purchase of the automobile, or a total amount of $4,750.00.

Upon the trial of the action the jury on June 24, 1969 returned a verdict in the amount of $4,155.00 against both defendants and by final judgment rendered June 25, 1969

the Circuit Court entered judgment for the amount of the verdict, with interest from the date of the verdict and costs. By order entered October 7, 1969, the court over-ruled the motions of the defendants to set aside the verdict and the judgment and to grant a new trial and affirmed the judgment of June 25, 1969 in favor of the plaintiff. To that judgment separate appeals were granted on separate applications of the defendants. This appeal and supersedeas, upon the separate application of the defendant Ford Motor Company, was granted by this Court on March 30, 1970. On September 28, 1971 the case was submitted for decision, as to each appeal, upon the record and the briefs and the oral arguments in behalf of the respective parties.

There is little, if any, dispute in the material facts in this case which are set forth in detail in the opinion of this Court in the separate appeal of the defendant Yeager Ford Sales, Inc., to which reference is here made; and accordingly this opinion contains only this brief statement of the facts established by the evidence.

In the evening of July 5, 1968, the automobile was purchased by the plaintiff from Yeager and delivered by it to the plaintiff who drove it to his home and later that evening packed the car with articles for a trip to Chicago. The purchase price was $4,155.00 which, less a trade-in credit of $1,600.00 for his 1965 Mercury automobile, was paid in cash by the plaintiff who had earlier made financial arrangements at a bank in War. The plaintiff drove the automobile to Chicago but did not use it during his visit of several days in that city. At the time of the sale neither the plaintiff nor his wife, who was present, nor the salesman Casey, observed any defects in the automobile. Casey told the plaintiff that the automobile was new and had just come in. While the plaintiff was in Chicago he observed that the molding around the rear window was disengaged from the frame causing a noticeable hole between the molding and the body of the automobile. He also noticed scratches on the chrome around the rear glass. On his return from the trip to Chicago on July 16, 1968, the plaintiff discovered several other defects. On July 22 or 23,

1968, the plaintiff took the automobile to Yeager and showed the defects to an employee of Yeager and left the car for repairs. He returned the next day and got the automobile and though he later said he was dissatisfied with the repair work he made no complaint to Yeager concerning the repairs. On August 6, 1968, the plaintiff and his wife talked by telephone with Fenstermaker, a representative of the Ford Motor Company, and told him of the defects. On August 14, Fenstermaker examined the car, made note of the defects and told Mrs. Reece that he would report the matter to the Cincinnati office. Not having heard anything further from Fenstermaker, Mrs. Reece talked by telephone to a representative of Ford in Wayne, Michigan on September 9, 1968, and on September 18, 1968, Myers, a representative of Ford, visited the Reece home and examined the automobile. Myers noted nine defects which were shown him by Mrs. Reece, admitted that some of the defects existed at the factory, told her that the defects would be corrected, and advised her to take the automobile to Yeager for repairs. She told him that she did not know whether her husband would allow the repairs. Myers replied that if the plaintiff would not take what he offered the plaintiff should see an attorney.

The plaintiff took the automobile to another automobile dealer who observed and listed a number of defects and made an estimate of the costs of the repairs necessary to correct the defects. The plaintiff then consulted an attorney who prepared a letter for the plaintiff dated September 19, 1968, which he signed and mailed to Yeager and Ford and the bank at War in which he offered to return the car and its keys and stated his reasons for returning the automobile; and, pursuant to the letter, the plaintiff delivered the automobile to Yeager at its place of business on September 19, 1968 and demanded return of the purchase price of the automobile. Yeager refused to accept delivery of the automobile which was left on its sales lot, and refused to return the purchase price paid by the plaintiff.

The evidence shows that the defects of which the plaintiff complains were minor in character and could have

been corrected at a cost of from $35.00 to $80.00 according to the testimony of the witnesses who testified as to the repairs necessary to correct the defects.

The plaintiff retained and used the automobile from July 5, 1968 to September 19, 1968, a period of approximately two and one-half months. In addition to the trip to Chicago which occurred the morning following the sale, the plaintiff used the automobile in McDowell County and on two trips to Tennessee. Before returning the automobile to Yeager on September 19, 1968, he had driven the automobile for a distance of approximately 3,400 miles. As already indicated, the plaintiff financed the automobile through a bank at War and it held the title to the automobile at the time of the institution of this action.

The warranty issued by Ford and used by Yeager in connection with the sale contains, among others, these pertinent provisions:

"Ford Motor Company in the case of a vehicle purchased by the owner in the United States * * * warrants to the original retail purchaser * * * each part of a new and unused 1968 model Ford-built passenger car * * * to be free under normal use and service from defects in factory material and workmanship for a period of 24 months from the date of original retail delivery or first use, or until it has been driven for 24,000 miles (1), or until sold by the Original Purchaser, whichever comes first * * *.

"All the warranties shall be fulfilled by the Seller Dealer * * * at his place of business replacing with a genuine new Ford part, or Ford Authorized Remanufactured part, or repairing, any such defective part, free of charge including related labor for an Original Purchaser, and free of charge including related labor, except for the first $25 per visit, for a Second Purchaser. * * * .

"None of the warranties shall apply to any part of a vehicle which has been subject to misuse, negligence, alteration or accident, or which shall have been repaired

outside of an authorized Ford, Ford of Canada or Lincoln-Mercury dealer's place of business in any way so as, in the reasonable judgment of the Company, to affect adversely its performance and reliability. * * * .

"The warranties herein are expressly IN LIEU OF any other express or implied warranty, condition or guarantee on the vehicle or any part thereof, including any implied WARRANTY of MERCHANTABILITY or FITNESS, and of any other obligation on the part of the Company or the Selling Dealer. * * *."

Ford assigns and relies upon these errors:   (1) as Ford is not the seller of the automobile, plaintiff is not entitled to rescission as to Ford; (2) rescission is precluded by the express warranty; (3) by his delay the plaintiff has waived his right to rescission; (4) the refusal of the plaintiff to permit the automobile to be repaired is a bar to recovery by the plaintiff; and (5) the court erred in submitting the question of fraud to the jury.

It is clear that the automobile, when sold by Ford to the dealer Yeager and also when sold by Yeager to the plaintiff, contained numerous minor defects, although neither the salesman nor the plaintiff discovered any of them prior to the sale. They were obvious and would have been detected upon a sufficient inspection of the automobile before its delivery to the plaintiff by the seller Yeager, and the existence of these defects constituted a breach of warranty by Ford and Yeager which entitled the plaintiff as the purchaser to exercise the remedies provided by the warranty, the provisions of which extended to and were binding upon the plaintiff and Yeager and Ford. When the defects were discovered and reported by the plaintiff to the representative of Ford on September 18, 1968, Ford offered to repair the defects but the plaintiff, although advised to do so, refused to permit the repairs to be made by Yeager, the dealer, as provided by the warranty.  Whether the plaintiff may recover damages for breach of the warranty is not considered or determined for the reason that the plaintiff does not seek that type of relief in this action.

Rescission, which the plaintiff seeks in this action, has been defined as the act of abrogating, cancelling, vacating or annuling and as the undoing of a thing. 77 C.J.S., *Rescission,* Page 277; *Carlson* v. *Shepard Pontiac, Inc.,* 63 Misc. 2d 994, 314 N.Y.S.2d 77. The purpose of rescission is to restore the parties to the contract to the status, as nearly as possible, that existed immediately prior to the making of the contract. The well established general rule is that a contract may be rescinded only by a party to the contract in whom the right exists or his legal representative. 17A C.J.S., *Contracts,* Section 414; *Kyker* v. *General Motors Corporation,* 214 Tenn. 521, 381 S.W.2d 884; *General Motors Corporation* v. *Earnest,* 279 Ala. 299, 184 So. 2d 811; *Carlson* v. *Shepard Pontiac, Inc.,* 63 Misc. 2d 994, 314 N.Y.S.2d 77.

In the *General Motors Corporation* case the Alabama court held, under the Uniform Sales Act which defines a seller, as does the Uniform Commercial Code, as a person who sells or contracts to sell goods, that where a sale of an automobile was made by an independent dealer and not as the agent of the manufacturer and the manufacturer was not a contracting party in the sale, the buyer was not entitled to obtain a rescission of the sale as against the manufacturer.

In the *Carlson* case the Supreme Court of Fulton County, New York, held that a contract can not be rescinded against a party who is not a party to the contract. In the opinion the court said: "The purpose of rescission is to restore the parties to the contract to the status, as nearly as may be possible, existing at the time immediately prior to the making of the contract. Plaintiff purchased the vehicle from Shepard and not from General Motors. She seeks the return of the purchase price which she paid to Shepard and from whom she demanded its return. A contract cannot be rescinded against one who is not a party to the contract. A manufacturer's express or implied warranty of fitness of his product for its contemplated use running in favor of all its intended users does not give

rise to liability on its part in an action to rescind the contract and for the return of the purchase price paid to a dealer by the ultimate consumer."

Buyer is defined by the Uniform Commercial Code, Section 103 (1) (a), Article 2, Chapter 46, Code, 1931, as amended, as a person who buys or contracts to buy goods.

The plaintiff purchased the automobile on July 5, 1968, from Yeager, not from Ford. It is evident from the record that Yeager was not the agent of Ford in that transaction but instead was an independent dealer who purchased the automobile from Ford and sold it to the plaintiff. Ford was not a seller within the meaning of Section 103 (1) (d), Article 2, Chapter 46, Code, 1931, as amended, which defines a seller as a person who sells or contracts to sell goods. As Ford, the manufacturer, was not the seller of the automobile and was not a party to the contract of sale of the automobile by Yeager to the plaintiff, the plaintiff is not entitled to rescission of the sale as against Ford in this proceeding. This Court holds that the purchaser from a dealer of an automobile subject to an express warranty limiting the liability of the manufactuer of the automobile and the dealer to the replacement or repair of any defective parts by the dealer and providing that such warranty is expressly in lieu of any other warranty, express or implied, or condition or guarantee, including any implied warranty of merchantability or fitness, and of any other obligation on the part of the manufacturer or the dealer, can not maintain an action for the rescission of the sale of the automobile by the dealer against the manufacturer who is not a party to the contract of sale.

But even if Ford had been a party to the contract of sale, which it was not, the plaintiff under the established facts in this case was not entitled to rescind the sale as against Ford inasmuch as the breach of warranty was not a material breach. The defects were minor in character and were not such a material breach of the warranty as would permit or justify rescission of the contract of sale. *J. W. Ellison, Son & Company* v. *Flat Top Grocery Company,* 69

W.Va. 380, 71 S.E. 391, 38 L.R.A. N.S. 539. In Point 2 of the syllabus in that case this Court said: "Where a purchaser of chattels has right to rescind the contract, for breach of it, the breach must be in a material matter."

The plaintiff has failed to prove any fraud upon the part of Ford in connection with the sale of the automobile. Therefore it was error to submit that question to the jury.

As the plaintiff is not entitled to rescission of the sale against the manufacturer who was not a party to the sale of the automobile, and as the plaintiff has failed to prove any fraud upon the part of Ford, it is unnecessary to consider the other errors assigned.

The judgment is reversed, the verdict of the jury is set aside, and this action is remanded to the Circuit Court for a new trial which is hereby awarded the defendant Ford Motor Company.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*