Paul S. ANDERSON, Appellant,

v.

WATLING LADDER COMPANY,
INC., et al., Appellees.

No. 72–1614.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 1, 1972.

Decided·Jan. 25, 1973.

John C. Curtis, Hargraves, Curtis & Powers, Chattanooga, Tenn., for appellant.

Charles S. Mayfield, Mayfield, Mayfield & Basham, Cleveland, Tenn., for defendant-appellee, D & H Builders.

R. Vann Owens, Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, Tenn., for defendant-appellee, Watling Ladder Co.

William R. Carney, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendant-appellee Underwriters' Laboratories, Inc.; Raymond R. Murphy, Jr., George M. Derryberry, Miller, Martin, Hitching, Tipton, Lenihan & Waterhouse, Chattanooga, Tenn., on brief.

Before EDWARDS and CELEBREZZE, Circuit Judges, and HASTIE,* Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Tennessee, Southern Division, granting Defendants-Appellees summary judgment in an action for damages resulting from injuries sustained by Appellant in a fall from a defective ladder. Appellant's employer had purchased the ladder from Appellee Watling Ladder Company. Also named as a defendant was Underwriters' Laboratories, Inc., who had allegedly affixed a seal of approval on the ladder.

Appellant's action was based on an implied warranty theory under the Uniform Commercial Code. The relevant

* Hon. William H. Hastie, Senior Circuit Judge, Third Circuit, sitting by designation.

statute, § 47–2–318 of the Tennessee Code Annotated provides:

"Third party beneficiaries of warranties express or implied.—A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

Appellant contends that the law of Tennessee is not clear on the question of privity and that, if privity is required to maintain the action, it does exist because he is within the "household" of his employer.

█ We think that the law of Tennessee is clear and does not permit Appellant to maintain the present action. In Hargrove v. Newsome, 470 S.W.2d 348 (1971), the Tennessee Supreme Court held that privity of contract is required in warranty actions and that an employee of a company which purchased a mechanical dock could not maintain an action in warranty against the manufacturer or the seller for injuries sustained due to a malfunction of the dock. Prior to *Hargrove*, we had interpreted the Tennessee Statute in the same manner. *See* Hodge v. Service Machine Co., 438 F.2d 347 (6th Cir. 1971).

█ The Tennessee Legislature, within a month of the decision of the District Court, passed a law abolishing the requirement of privity in all actions for personal injury, whether brought under the theory of tort, negligence, or warranty. Appellant contends that this law should apply retrospectively to his action. We disagree. We think the change in the law is substantive rather than procedural and that the law could not be applied retrospectively. Massey v. Sullivan County, 464 S.W.2d 548 (Tenn.1971).

Accordingly, the judgment of the District Court is affirmed.