**Annie Mae COOK, Plaintiff,**

v.

**The G.M. DIEHL MACHINE WORKS, Defendant.**

Civ. A. No. 81–0037–D.

United States District Court,
W.D. Virginia,
Danville Division.

May 18, 1983.

Robert W. Mann, Young, Kiser, Haskins, Mann, Gregory & Young, Martinsville, Va., for plaintiff.

William B. Poff, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff instituted suit against defendant alleging that the latter was liable for negligence and for breach of warranty in connection with the manufacture and sale of a table saw, which defendant manufactured and sold to plaintiff's employer, Basset Furniture Company. Basset purchased the machine in 1955. Def. Exh. A. Plaintiff was injured on October 10, 1980, and initiated her lawsuit on March 20, 1981. Defendant has moved for partial summary judgment as to count II of plaintiff's complaint (Implied Warranty).

■ The motion must be granted. Prior to 1962, privity of contract between an injured party and a manufacturer was required before the latter could be held liable to the former for breach of warranty. Contrary to plaintiff's contention, employees were not considered to have been in privity with manufacturers or sellers doing business with their employers. *Harris v. Hampton Roads Tractor and Equipment Co.*, 202 Va. 958, 121 S.E.2d 471, 472–75 (1961) (plaintiff crane operator not in privity with dealer which sold crane to plaintiff's employer). Plaintiff cites only *Blythe v. Camp Mfg. Co.*, 183 Va. 432, 32 S.E.2d 659 (1945) in support of her position. That case suggests that one injured by a product manufactured and sold by defendant would be in privity therewith if the product was purchased by one acting as his agent. In

order to avail herself of this principle, plaintiff would have to demonstrate that Basset Furniture Company acted as her agent in purchasing the saw. She can show only that she is an agent of Basset and, as the *Harris* case demonstrates, this is insufficient to establish privity between the defendant and her.

Subsequent to the purchase of the machine, but prior to plaintiff's injury, the Virginia General Assembly passed Va.Code § 8.2–318, which provides:

Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods; however, this section shall not be construed to affect any litigation pending on June twenty-nine, nineteen hundred sixty-two.

■ Plaintiff has conceded that this provision does not operate retroactively and that, therefore, it cannot abrogate the privity defense in this case, because any breach of warranty occurred when the machine was purchased in 1955, prior to the enactment of the statute. This construction accords with Va.Code § 1–16, which provides that "[n]o new law shall be construed to repeal a former law, as ... any right accrued ... under the former law, or in any way whatever to affect ... any right accrued ... before the new law takes effect ...." All the available authority adheres to this view. *Farish v. Courion Industries, Inc.*, Civ. No. 82–0032–C, slip op. at 2–4 (W.D.Va. Oct. 8, 1982) (Michael, J.); *Myers v. Council Mfg. Corp.*, 276 F.Supp. 541, 544–47 (W.D.Ark.1967). *See also Anderson v. Watling Ladder Co., Inc.*, 472 F.2d 576 (6th Cir.1973) (construing alternate version of statute).

Based on the foregoing, defendant's motion for partial summary judgment as to

count II of plaintiff's complaint shall be granted in an appropriate order. It is unnecessary to address the alternative stated ground for dismissal.