767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM W. ROWE, PLAINTIFF-APPELLEE,
v.
CHRYSLER CORPORATION, DEFENDANT-APPELLANT.
 NO. 84-1159
 United States Court of Appeals, Sixth Circuit.
 6/4/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KEITH and MARTIN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Chrysler Corporation appeals the district court's decision denying its motion for judgment notwithstanding the verdict. The jury awarded William Rowe $30,000 compensatory damages and $20,000 exemplary damages on his claim that Robert E. Lee Chrysler-Plymouth-Dodge, Inc., Chrysler's apparent agent in Sumpter, South Carolina, breached a sales contract and fraudulently misrepresented matters pertinent to the sale of a pick-up truck to Rowe. For the reasons that follow, we affirm.
 
 
 2
 William Rowe is a South Carolina farmer. On December 27, 1977, Rowe ordered a Dodge diesel pick-up truck, manufactured by the Chrysler Corporation, from the Lee dealership. Rowe made it clear to the dealership employees that prompt delivery of the truck was essential to the operation of his farm. Rowe was told that he could expect to receive the truck in 'not more than seven weeks.' Rowe received repeated assurances from dealership employees that the truck would be delivered in that time. Based upon these representations, Rowe traded his old truck to International Harvester and received credit toward the purchase of farm equipment. Despite the assurances, Rowe did not receive the Dodge truck until July 17, 1978, nearly seven months after he had placed the order. The delay in receiving the truck caused Rowe difficulty in planting his crops in 1978, and he claimed he sustained monetary damage as a result.
 
 
 3
 The jury returned a special verdict finding Chrysler had not made fraudulent representations to Rowe. The jury, however, found the Lee dealership breached the contract with and made fraudulent representations to Rowe and that the Lee dealership was the apparent agent of Chrysler. Chrysler's primary argument on appeal is that the district court erred in denying the motion for judgment notwithstanding the verdict because there was insufficient evidence of apparent agency to create a jury question. Chrysler also argues that the jury instructions were erroneous, confusing, and contradictory.
 
 
 4
 The parties neither briefed nor argued the question of the appropriate standard for deciding a motion for judgment notwithstanding the vedict. See Toth v. Yoder Co., 749 F.2d 1191, 1194 & n.2 (6th Cir. 1984) (question whether state or federal rule applies in diversity case). The court below held that '[i]f there is any conflicting evidence at all, such a motion should not be granted, Powell v. Lititz Mutual Ins. Co., 419 F.2d 62 (5th Cir. 1969).' Neither party challenges this ruling on appeal. A review of the record demonstrates that Rowe adduced sufficient evidence to go to the jury on the question of apparent authority.
 
 
 5
 The parties agree that the substantive law of South Carolina provides the legal criteria to determine the question of apparent agency. In South Carolina, apparent agency may be found when three elements exist:
 
 
 6
 These are (1) a representation by the principal, (2) a reliance upon such representation by a third person; and (3) a change of position by such third person in reliance upon such representation. All three elements must be present to bring a case within the rule. The person sought to be bound must, by his word or conduct, have represented that the person assuming to act for him had authority to do so.
 
 
 7
 Ziv Television Programs v. Associated Grocers of South Carolina, Inc., 236 S.C. 448, 453, 114 S.E.2d 826 (1960).
 
 
 8
 The record contains adequate evidence of each of the elements. Timely delivery of the truck was of paramount importance to Rowe. He specifically indicated to dealership employees that he wanted information from Chrysler itself regarding the delivery schedule. Mr. Lee, the owner of the Lee dealership, assured Rowe that he would get that information directly from Chrysler. Rowe testified that Lee stated 'that he had talked to Chrysler about that particular subject and that they had indicated six weeks. . . .' Hearsay problems aside, the statement regarding a six-week delivery time was attributed to Chrysler.
 
 
 9
 After he had ordered the Dodge truck, but before he had sold his old truck, Rowe asked Mr. Lee to check with Chrysler regarding the exact status of the new truck. Mr. Lee indicated that he had consulted with Chrysler and they had assured him that the truck would be delivered on schedule. Based on these representations, Rowe sold his old truck.
 
 
 10
 In early March, 1978, employees at the Lee dealership told Rowe that the truck would arrive in the latter part of the week. '[Lee] said the Chrysler people had informed him of that.' Later in March Lee informed Rowe that the previous information received from Chrysler had been erroneous but that Lee now 'had an understanding with [Chrysler], they would expedite it, they would get it out on the assembly line and it would take only a couple more days to get it manufactured. . . .'
 
 
 11
 In addition to these statements, Rowe also adduced evidence that Chrysler supplied the Lee dealership with a large 'Chrysler' sign with the Chrysler pentastar logo. This sign was displayed prominently in front of the Lee dealership. Rowe also introduced the original bill of sale which displayed the Chrysler logo and symbol. The back of the bill of sale told customers who experienced problems with the vehicle to contact the Chrysler Corporation.
 
 
 12
 We think the evidence as outlined above was sufficient to get Rowe to the jury on the first element of apparent authority. The South Carolina Supreme Court has stated that 'agency may be implied or inferred and may be circumstantially proved by the conduct of the purported agent exhibiting a pretense of authority with the knowledge of the principal.' Fernander v. Thigpen, 278 S.C. 140, 293 S.E.2d 424, 426 (1982). The record is full of statements regarding the delivery schedule. Many of these statements, as noted above, were attributed to Chrysler. Moreover, the record indicates that these statements were made in direct response to an inquiry from a dealer at a customer's insistence. Under these circumstances, the record supports a reasonable inference that Chrysler made statements regarding the expected delivery date when it knew that these statements would be relayed to the customer through the dealer. Thus, the record indicates that the 'purported agent exhibit[ed] a pretense of authority with the knowledge of the principal.' This conclusion is bolstered by the fact that Chrysler installed its sign and logo in front of the Lee dealership.
 
 
 13
 We easily conclude that Rowe introduced sufficient evidence that he relied upon the representations made by Chrysler. Rowe specifically testified that he would not sell his old truck, and in general that he did not make any plans, until he received assurances from Chrysler that the truck could be delivered on time. Rowe testified that Lee said that Chrysler stated that the truck would be delivered on schedule. Again, hearsay problems aside, we have statements from Chrysler on which Rowe relied. Also relevant to the analysis is the fact that Chrysler's logo was displayed prominently outside the Lee dealership. As lawyers, we appreciate the force of Chrysler's claim that the record contains no evidence that Rowe ever saw this sign. As humans, however, reason intrudes and we consider the fact that the sign was prominently displayed and that Rowe visited the dealership, and we indulge an inference that Rowe saw the sign.
 
 
 14
 Rowe's testimony regarding his actions based upon Chrysler's representations also fulfills his obligation to show that he changed his position based upon his belief that the Lee dealership was the agent of Chrysler. Rowe specifically stated that he sought and obtained assurances from Chrysler regarding the delivery date.
 
 
 15
 Our conclusion that Rowe adduced sufficient evidence of apparent agency to get to the jury is not altered by the language of the sales contract. The contract precludes any liability of Chrysler for any actions of 'any other person . . . in connection with the sale of its vehicles.' Chrysler cites the decisions of two state supreme courts which have held that such language entitles a manufacturer to judgment as a matter of law on claims of apparent agency. See Conte v. Dwan Lincoln-Mercury, Inc., 172 Conn. 112, 374 A.2d 144 (1976); General Motors Corp. v. Earnest, 279 Ala. 299, 184 So.2d 811 (1966). It is sufficient to state that Chrysler has directed our attention to no South Carolina case that even comes close to adopting such a proposition. Nor do we agree that 'reason and justice dictate that Plaintiff cannot claim an apparent agency because of the contract which he voluntarily signed.' Chrysler argued the contract provision to the jury, and the jury considered the contract provision along with all the other evidence.
 
 
 16
 Chrysler next challenges the adequacy of the jury instructions. Chrysler submitted and the court rejected an instruction which stated that Rowe had to prove that he reasonably thought that 'he was . . . contracting with the principal, rather than with the agent,' and that 'he reasonably relied upon these acts or statements by the alleged principal and that he entered into the contract with the . . . principal . . ..' Instead, the district court instructed the jury that
 
 
 17
 An apparent agent is one whom the principal, either intentionally or because of the absence of ordinary care, induces third persons to reasonably believe is his agent, even though he has not either expressly or by implication conferred authority on him.
 
 
 18
 The judge also instructed that '[t]he Defendant may only be found to be liable for its actions or statements and not on its failure to act or failure to make any statement.'
 
 
 19
 The instruction proffered by Chrysler was correctly rejected by the court because the instruction could have confused the jury by requiring that Rowe thought he actually was 'contracting with' Chrysler. The instruction given by the court correctly states that Rowe need only prove that Chrysler induced him to believe that the Lee dealership was Chrysler's agent.
 
 
 20
 It is true that the instruction dis not in terms require that Rowe establish that he detrimentally relied upon Chrysler's representations. In this case, however, the representations that indicated that the Lee dealership was Chrysler's agent--Chrysler's representations that the truck would be delivered on schedule--were the same representations, as repeated by Lee, that the jury found to be fraudulently misleading. Given that the jury found that those misrepresentations caused Rowe's injury, the failure to include the detrimental reliance instruction in the instruction on agency was at most harmless error.
 
 
 21
 Chrysler's other arguments regarding defects in the instructions are without merit.
 
 
 22
 The decision of the district court is affirmed.