Kenneth R. Flynn, Appellant,

*v.*

W. R. Camp, Jr., d/b/a Camp Industrial Chemicals, and ABC Compounding Company, Inc., Appellees.

470 S.W.2d 347

(*Knoxville,* September Term, 1970.)

Opinion filed June 7, 1971.

Petition to Rehear Denied September 7, 1971

458

FRANK L. FLYNN, JR., Knoxville, for appellant.

J. W. BAKER, Knoxville, for W. R. Camp, Jr.

O'NEIL, PARKER & WILLIAMSON, Knoxville, for ABC Compounding Co., Inc.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This case comes to this Court from the action of the trial judge in sustaining a demurrer filed by one defendant and a plea in abatement filed by the other defendant dismissing the suit as to all defendants. In this opinion the parties will be referred to as was their status in the trial court; that is, Kenneth R. Flynn as plaintiff, and W. R. Camp, Jr., doing business as W. R. Camp Industrial Chemicals, and ABC Compounding Company, Inc., as defendants, or by name.

This suit was first filed in the United States District Court on June 3, 1970, where a non-suit was entered and the case refiled in the Circuit Court of Knox County, Tennessee. The non-suit is not material to the decision here and in this opinion we will use the filing date of June 3, 1970.

Defendant, ABC Compounding Company, Inc., is a manufacturer of chemicals which are distributed and sold by defendant, W. R. Camp, Jr. The declaration alleged that on or about April 16, 1969, defendant W. R. Camp, Jr. sold and delivered certain of these chemicals to plaintiff's employer, Temperature Control, Inc. That on July 11, 1969, plaintiff, as an employee of Temperature Control, Inc., received serious personal injuries in the handling of these chemicals due to the fact the packaging was defective in design and unreasonably dangerous at the time the product was sold. It is admitted recovery is sought for liability of what is termed "products liability cases." The trial judge dismissed the suit on the ground it was not filed within one year as required by T.C.A. sec. 28-304, which statute prior to the amendment hereafter referred to read as follows:

Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversa-

tion, seduction, breach of marriage promise, and statutory penalties, shall be commenced within one (1) year after cause of action accrued.

The Legislature, by Chapter 293, Public Acts of 1969, effective May 20, 1969, amended T.C.A. sec. 28-304, by adding thereto the following language:

SECTION 1. Section 28-304, Tennessee Code Annotated, is amended by adding at the end, the following:

For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product.

SECTION 2. This act shall not apply to causes of action accruing prior to the effective date of this act.

It is admitted this suit was barred by T.C.A. sec. 28-304, prior to the amendment, since it was not brought within one year of the sale and delivery of the product. *Jackson v. General Motors,* 223 Tenn. 12, 441 S.W.2d 482 (1969). The decision here requires construction of this 1969 amendment as applied to the facts of this case, more particularly the legislative intent by the use of the language contained in Section 2 of the amendment.

Under the facts of this case and the construction placed on T.C.A. sec. 28-304, prior to the 1969 amendment, plaintiff's cause of action accrued on the date of the sale and delivery of the product (April 16, 1969), and the statute of limitations begin to run from that date. The Legislature was well aware such was the law of this State, since by Section 1 of this amendment it proceeded to change such as to products liability cases in that the

date to compute the running of the statutes of limitations was changed from the date of sale and delivery to the date of the injury. Having done so, the Legislature then proceeded in what we consider clear language to say which of these causes of action shall not be affected by this 1969 amendment; that is, those ''accruing prior to the effective date of this act.'' The cause of action in the case at bar accrued prior to the effective date of the 1969 amendment; that is, on April 16, 1969, and this 1969 amendment to T.C.A. sec. 28-304 is not applicable to the case at bar.

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.