Louis DOBBINS, Appellant,

v.

**TERRAZZO MACHINE & SUPPLY CO.,
Inc., et al., Appellees.**

Supreme Court of Tennessee.

May 1, 1972.

C. Allen High, Mose J. Davie, Nashville, for appellant.

W. W. McNeilly, Jr., Joseph G. Cummings, Harry G. Nichol, Jr., Nashville, for appellees.

OPINION

CRESON, Justice.

The record in the instant case involves a suit instituted by appellant in the Circuit Court of Davidson County, Division VI, to recover for personal injuries sustained when a Terrco floor machine he was operating exploded. Appellees filed motions to dismiss pursuant to Rule 12.02 of the Rules of Civil Procedure. The trial court sustained the motions and dismissed appellant's suit.

In this opinion the parties will be referred to as they appeared in the trial court; that is, Louis Dobbins, as plaintiff, and Terrazzo Machine & Supply Co., Inc., Kohler Company and Klein and Company, Inc., as defendants.

In his complaint plaintiff alleges that on July 22, 1970, he was employed by Art Mosaic & Tile Company of Nashville; that on this date plaintiff was assigned by his employer to operate a Terrco floor machine; that plaintiff's employer purchased the floor machine from Klein and Company, Inc. on April 26, 1967; that the machine was manufactured by Terrazzo Machine & Supply Co., Inc.; that there was installed in the floor machine an engine which was designed and manufactured by Kohler Company; that while plaintiff was operating the machine it exploded and severely injured him. The instant suit was filed on July 13, 1971, on the theory of (1) common law negligence, (2) breach of express and implied warranties, and (3) strict liability in tort.

Defendant Terrazzo Machine & Supply Co., Inc. filed an answer in which it specifically denies that it was guilty of any negligence in the manufacture of the floor machine; that it breached any express or implied warranties; or that the floor machine was "in an unreasonably dangerous condition when it left the hands of this defendant." Incorporated in the answer is a motion to dismiss the complaint because it fails to state a claim upon which relief can be granted. The ground for this motion is that the cause of action is barred by T.C.A. § 28–304.

Kohler Company and Klein and Company, Inc. both filed motions to dismiss pursuant to Rule 12.02 of the Rules of Civil Procedure. In each motion it is alleged that plaintiff failed to state a claim upon which relief can be granted because the suit is barred by the provisions of T.C.A. § 28–304.

On September 10, 1971, plaintiff filed an affidavit wherein it is stated that on July 22, 1970, plaintiff suffered personal injuries while employed by Art Mosaic & Tile Company; that plaintiff "was paid temporary total disability, permanent partial disability, and medical expenses, pursuant to the Workmen's Compensation statute"; and that plaintiff has been authorized by his employer's Workmen's Compensation carrier to file the instant suit pursuant to T.C.A. § 50–914 to recover the moneys paid to plaintiff as Workmen's Compensation benefits.

The trial judge, relying on the case of Flynn v. Camp (1971) Tenn., 470 S.W.2d 347, was of the opinion that T.C.A. § 28–304 barred plaintiff's suit. The trial court ordered the cause dismissed. The trial judge felt that the provisions of T.C.A. § 50–914 were inapplicable.

Plaintiff has seasonably perfected an appeal to this Court. The sole issue presented in the case at bar is whether the time for instituting the instant suit is governed by T.C.A. § 28–304 or T.C.A. § 50–914.

Defendants argue that the trial judge was correct in his determination that plaintiff's cause of action was barred by T.C.A. § 28–304, relying on Jackson v. General Motors (1969) 223 Tenn. 12, 441 S.W.2d 482, and Flynn v. Camp, supra.

Jackson v. General Motors, supra, was a suit by the purchaser of an automobile and his wife against the manufacturer. The purchaser and his wife sought to recover

for personal injuries and medical expenses sustained when the automobile which had been parked in a driveway rolled backwards down the driveway and struck the buyer's wife, injuring her. The manufacturer demurred to the declaration because the declaration showed on its face that the action was barred by T.C.A. § 28–304. At that time T.C.A. § 28–304 provided as follows:

> "Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, shall be commenced within one (1) year after cause of action accrued."

This Court held that the one year limitation ran from the date of the wrongful act or omission and not from the date the damage occurred which was merely the result of the prior wrongful act or omission. In other words, the breach of duty occurred when the defective product was purchased.

After the opinion in Jackson v. General Motors, supra, was announced, the Legislature amended T.C.A. § 28–304. T.C.A. § 28–304, as amended, provides as follows:

> "Actions for . . . injuries to the person . . . shall be commenced within one (1) year after cause of action accrued. For the purpose of this section, insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of a product. The preceding sentence shall not apply to causes of action accruing prior to May 20, 1969."

In Flynn v. Camp, supra, this Court passed upon the effect of the amendment to T.C.A. § 28–304, and held that the 1969 amendment is not to be given retroactive effect. In other words, in products liability cases the statute of limitations runs from the date of purchase of the defective article for those goods purchased prior to the effective date of the amendment.

Defendants assert that since the floor machine in the case at bar was purchased on April 26, 1967, then under the authorities discussed above, plaintiff's suit is barred by the one year statute.

It is plaintiff's assertion that the instant case was timely filed. He argues that he sustained an injury arising out of and in the course of his employment; that the provisions of T.C.A. § 50–914 give the injured workman a right of action against a third party when the injury was caused under circumstances giving rise to a legal liability against the third party; and that pursuant to the provisions of T.C.A. § 50–914 plaintiff has one year from the date of injury in which to institute suit against defendants.

The pertinent provisions of T.C.A. § 50–914 are:

> "When the injury or death for which compensation is payable under the Workmen's Compensation Law was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, or his dependents, shall have the right to take compensation under such law, and such injured workman, or those to whom his right of action survives at law, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.
>
> .   .   .   .   .   .
>
> "Such action against such other person by the injured workman, or those to whom his right of action survives, must be instituted in all cases within one (1) year from the date of injury."

■ During oral argument a question was raised as to whether or not plaintiff's affidavit properly raised the issue concerning the applicability of T.C.A. § 50–914 in the trial court. After reviewing the record

and our rules of civil prodecure, we are of the opinion that the issue was raised in the court below and can be considered by us on appeal. This result is dictated by Rule 12.02 which provides in part as follows:

"If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Under Rule 56 affidavits are a proper means of submitting facts to the trial court so that judgment can be entered on a particular issue if "there is no genuine issue as to any material fact."

In the case at bar it is apparent from the record that there is no factual dispute. The only question to be resolved is the applicability to the instant case of T.C.A. § 28–304 on the one hand or T.C.A. § 50–914 on the other. We have determined that the trial judge erred in ruling that the suit was barred by T.C.A. § 28–304 and that the judgment of the trial court must be reversed.

■ It is apparent that these two statutory provisions as previously construed and applied, with respect to the commencement date of the running of such statutes, are in conflict. In determining that the specific provisions of T.C.A. § 50–914 must be given effect over the general statute we are guided by the rule set forth in Woodroof v. City of Nashville (1946) 183 Tenn. 483, 192 S.W.2d 1013. Mr. Chief Justice Green, speaking for this Court in Woodroof v. City of Nashville, supra, said:

"where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a general manner

should not be considered as intended to effect the more particular provision."

We are of the opinion that plaintiff's suit was commenced within the period of limitation provided in T.C.A. § 50–914 and the provisions of the general statute did not bar plaintiff's cause of action.

It must be pointed out here that in Flynn v. Camp, supra, the question of the applicability of T.C.A. § 50–914 was not before this Court; thus, our holding in the case at bar is in no way in conflict with our opinion in the *Flynn* case.

Defendants argue that to permit an injured workman to institute suit within one year from the date of injury while the citizens of this state who are injured by a defective product and are not subject to the provisions of the Workmen's Compensation law must commence suit within one year from the date the product was purchased would allow the Legislature to discriminate in favor of persons who are subject to the provisions of the Workmen's Compensation law. Defendants assert that such discrimination is prohibited by Article XI, Section 8 of the Tennessee Constitution and the equal protection clause of the Fourteenth Amendment to the Federal Constitution.

■ Defendant's contention is not sound. The classification employed by the Legislature does not violate Article XI, Section 8 of the Tennessee Constitution. It is apparent beyond dispute that the Legislature enacted T.C.A. § 50–914 in order to allow an injured workman to recover the benefits under the Workmen's Compensation law and also to pursue his common law rights. However, an injured workman's employer is given "a subrogation lien" or "a credit on his future liability . . . to the extent of the net recovery" of the employee. In effect, the Legislature enacted a subrogation statute, and injury or death compensable under the Workmen's Compensation law is a condition precedent to the commencement of suit pursuant to T.C.A. § 50–914.

It is entirely clear to us that T.C.A. § 50-914 is in nowise in conflict with constitutional mandates. At the time of passage of the statutes in question here there was indubitably a valid reason for the distinction made with respect to maturity of a cause of action as between those persons within the ambit of the Workmen's Compensation law and other persons. It requires no great depth of thought to see that the situation of the employee covered by Workmen's Compensation for injury and disability was quite different from that of injured persons not within the compensation law. The differences are both important and several. It is perhaps appropriate to point out that since May, 1969, the general statute, T.C.A. § 28-304, has embodied the same principle, due to its salutary purpose and effect. Many prior decisions of this Court reflecting the constitutionality of the Act in question here are noted in the footnotes in Article XI, Section 8 contained in Volume 1, Tennessee Code Annotated (Official Edition).

It results that the judgment of the trial court is reversed and the cause will be remanded to the Circuit Court of Davidson County for further proceedings not inconsistent with this opinion. Costs of this appeal are taxed to defendants.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and MILES, Special Judge, concur.

DYER, Chief Justice (concurring).

I concur in and subscribe to the learned opinion written by Mr. Justice Creson; however, in light of the concern of counsel as to the two recent decisions in Flynn v. Camp, Tenn., 470 S.W.2d 347 (1971), and Hargrove v. Newsome, Tenn., 470 S.W.2d 348 (1971), I feel constrained to add a further comment.

The sole issue presented in the case at bar is whether the time for instituting the instant suit is governed by T.C.A. § 28-304 or T.C.A. § 50-914. This issue was seasonably and properly raised before and ruled upon by the trial judge. Exception was made and error assigned to the trial judge's order. On appeal we have ruled upon this issue.

In both Flynn v. Camp and Hargrove v. Newsome, *supra*, a similar argument was advanced at the appellate level; however, we were precluded from considering that question by the dictates of Rule 14 (4), Rules of the Supreme Court of Tennessee.

In Flynn v. Camp, *supra*, the question was raised for first time in a "Supplemental Assignment of Error, Brief and Argument" filed in this Court after oral argument. By admission, the record in that case is utterly devoid of any allegations raising the issue of conflict between T.C.A. § 28-304 and T.C.A. § 50-914.

In Hargrove v. Newsome, *supra*, the issue was raised for the first time in a "Petition to Rehear" filed after this Court handed down its original opinion. We again considered the supplemental briefs of counsel and the case as a whole and affirmed our judgment.

I have once again reviewed the records in both of these cases in perspective of the instant case. We were correct in our holding in each case. Therefore, I am convinced that Flynn v. Camp and Hargrove v. Newsome, *supra*, did not properly raise the instant issue before this Court, and are in no way inconsistent with our holding in the case at bar.