Geraldine W. **BRADLEY** and Donald H. Bradley, Plaintiffs-Appellants,

v.

**GENERAL MOTORS CORPORATION,** d/b/a Pontiac Motor Division, Defendant-Appellee.

No. 71–1707.

United States Court of Appeals, Sixth Circuit.

May 18, 1972.

Dennis L. Tomlin, Nashville, Tenn., for plaintiffs-appellants.

W. Ovid Collins, Jr., Nashville, Tenn., for defendant-appellee; Cornelius, Collins, Higgins & White, Nashville, Tenn., on brief.

Before MILLER and KENT, Circuit Judges, and KEITH*, District Judge.

## PER CURIAM.

This case presents another problem in the application of the Tennessee Statute of Limitations applicable to personal injury actions, T.C.A. § 28–304, which has been before this Court and the Supreme Court of Tennessee on more than one occasion.[1]

The Supreme Court of Tennessee, as in *Jackson, supra,*[1] construed T.C.A. Section 28–304 to require the one (1) year period of the Statute of Limitations to commence as of the time that the negligent act of the alleged tortfeasor was claimed to have occurred regardless of the date of injury. In 1969 the General Assembly of the State of Tennessee amended Section 28–304 to start the running of the Statute of Limitations as of the time of injury, but provided: "The preceding sentence shall not apply to causes of action accruing prior to May 20, 1969."

The cause of action, which is the subject of this appeal, arose out of injuries claimed to have been received on August 22, 1967, as a result of an alleged defect in an automobile purchased in 1963. The trial court applied Section 28–304, as amended in 1969, and granted summary judgment to the defendant. Since the decision of the District Court, and on April 4, 1972, the Tennessee General Assembly enacted Public Chapter No. 669, which was approved by the Governor of Tennessee on April 11, 1972. This new statute deleted from T.C.A. Section 28–304 the sentence: "The pre-

ceding sentence shall not apply to causes of action accruing prior to May 20, 1969," and added to the sentence immediately preceding the above, the following words: "and in said products cases no person shall be deprived of his right to maintain his cause of action until One (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury." The 1972 Amendment was given immediate effect.

Because the trial court did not have the benefit of the amendment to Section 28–304 at the time summary judgment for the defendant was entered, the judgment of the district court will be vacated and the case remanded for further consideration in the light of Public Chapter No. 669.

---

* Honorable Damon J. Keith, United States District Judge, Eastern District of Michigan, sitting by designation.

1. Jackson v. General Motors Corporation, et al., (Tenn.1969) 441 S.W.2d 482, cert. den. 396 U.S. 942, 90 S.Ct. 376, 24 L.Ed. 2d 243 (1969); Hargrove v. Newsome, et al., (Tenn.1971) 470 S.W.2d 348, cert. den. 405 U.S. 907, 92 S.Ct. 953, 30 L.Ed. 2d 779 (1972); Flynn v. Camp, 470 S.W.2d 347, (Tenn.1971); Vason v. Nickey, 438 F.2d 242 (6th Cir. 1971); Hodge v. Service Machine Co., 438 F.2d 347 (6th Cir. 1971).