**Dillard N. HAWKINS, by his Conservator, Yvonne Hawkins**

v.

**D & J PRESS COMPANY, INC.**

**No. CIV–1–80–248.**

United States District Court,
E. D. Tennessee, S. D.

March 30, 1981.

John M. Higgason, Jr., Curtis & Higgason, Chattanooga, Tenn., for plaintiff.

Gary R. Patrick and Thomas O. Helton, Stophel, Caldwell & Heggie, Chattanooga, Tenn., for defendant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

This is a product liability action brought on behalf of the plaintiff, Dillard N. Hawkins, by his wife and conservator, Yvonne Hawkins, for injuries sustained in an industrial accident. Suit was filed upon July 16, 1980 in the Circuit Court of Hamilton County, Tennessee and removed by the defendant to this court upon July 25, 1980 pursuant to 28 U.S.C. § 1441. The Court's diversity jurisdiction is asserted under 28 U.S.C. § 1332. The case is presently before the Court on the defendant's motion for summary judgment predicated upon the contention that the action is barred by the 10-year statute of limitations set forth in the Tennessee Products Liability Act, TCA § 23–3703 (recently redesignated § 29–28–103). The defendant's motion is supported by its brief, various exhibits, and a stipulation of facts concerning the industrial press involved in the injury to the plaintiff. The plaintiff has opposed the motion by its brief and an affidavit of Joseph D. Decosimo, Accountant for the plaintiff's employer, setting forth the date the press was first placed in service by the plaintiff's employer. The action was brought by Yvonne Hawkins, Mr. Hawkins' wife and conservator, both individually and in her capacity as conservator.

From the record before the Court, the following facts appear undisputed. Dillard Hawkins is a resident of Chattanooga, Tennessee, and was an employee of Richelson Iron & Metal Corporation in Chattanooga working within the course and scope of his employment at the time of his injury. On the date that he was injured Mr. Hawkins was using a large industrial machine called a briquette press, better known as a baler press Model 15–AR, which is a large hydraulic and electric press which presses cans and other material into bales. When the plaintiff was attempting to remove a bale stuck within the press, the machine activated catching his legs in the press mechanism. One leg was immediately amputated and the other was severely injured. The resulting extreme loss of blood caused brain damage, leaving Mr. Hawkins an invalid. The press was manufactured by defendant D & J Press Company, Inc., a New York corporation with its principal place of business in New York. It was initially sold to Metal Supply Service, Inc. of Hammond, Indiana, where it was installed for use on June 7, 1966. The press was later purchased by the plaintiff's employer and placed in service in Tennessee upon September 28, 1972. The plaintiff's injury occurred upon July 23, 1979 and this lawsuit was filed upon July 16, 1980.

In its motion for summary judgment the defendant, D & J Press Company, relies upon the limitation of actions provision of the Tennessee Products Liability Act which

became effective July 1, 1978, over a year before the plaintiff's injury. The Act states in relevant part as follows:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by sections 28–3–104, 28–3–105, 28–3–202 [formerly 28–304, 28–305, 28–314] and 47–2–705, but notwithstanding any exceptions to these provisions it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption.... TCA § 29–28–103 [formerly § 23–3703]

It is well settled that in an action involving diversity of citizenship the Court must look to the applicable state law to determine issues concerning the statute of limitations. *Erie Railway Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Thus the Court must abide by the statutory provisions and relevant interpretations by the Supreme Court of Tennessee absent any showing of violations of constitutionally protected rights.

The defendant's contention upon which it predicates its motion for summary judgment is that the plaintiff's injury occurred and any cause of action accrued well after the effective date of the Products Liability Act, and that by the provisions of Section 23–3703 any action brought more than ten years after the date the press was first sold for use in 1966 would be barred regardless of the fact that the action may have been brought within one year of the date of injury. In support of its contention the defendant relies upon the recent opinions of this Court in *Buckner v. GAF Corp.*, 495 F.Supp. 351 (E.D.Tenn. 1979) motion to vacate denied (1980) and *Hise v. Johns-Manville Sales Corp.*, CIV–1–78–180 (E.D.Tenn. May 23, 1980). In those cases involving asbestosis victims, motions for summary judgment were granted in favor of corporate defendants based on the ten year limitation of TCA § 23–3703. Although the plaintiffs at bar have stated a number of arguments opposing such a motion for summary judgment in this case, the primary contention is the same as was raised in *Buckner* that the application of TCA § 23–3703 in a manner so as to bar their claims would be unconstitutional, denying them an opportunity to redress injuries sustained. The *Buckner* decision clearly sets forth the Court's thoughts in this regard based upon the earlier case of *Hargraves v. Brackett Stripping Machine Co.*, 317 F.Supp. 676 (E.D.Tenn. 1970). In *Hargraves*, confronted by a similar argument of the unconstitutionality of the one-year tort statute of limitations, TCA § 28–304, construed at the time by the Supreme Court of Tennessee to run from the date of sale of a product, this Court concluded that such an interpretation need not be deemed so arbitrary or capricious as to fall under the ban of the Due Process Clause. 317 F.Supp. at 683.

■ Like the earlier construction of TCA § 28–304, TCA § 23–3703 is clearly not a conventional statute of limitation based upon the occurrence of an event giving rise to a cause of action. Instead it establishes an absolute limit of ten years from the date a product was sold for use or consumption after which all product liability actions are barred. As this Court stated in *Hargraves, supra*, the test of such legislation in light of the Due Process Clause is basically a test of reasonableness. "If in balancing the conflicting interests of the parties reason can be established, or, stated in reverse, if a lack of arbitrariness can be established in the selection of the date of the wrongful act or the date of the sale of a defective product as the inception date for the running of the statute of limitations in a personal injury action, no constitutional attack on such legislation would lie." 317 F.Supp. at 683. With regard to TCA § 23–3703 there is evidence in the preface of the legislation adopting the Act, that the number of claims and lawsuits based upon various theories of product liability had increased so significantly that manufacturers were discouraged from continuing to produce many

products due to the high cost or unavailability of liability insurance. Public Acts of 1978, Chapter 703, pp. 468–69. The ten year ceiling is clearly an attempt by the Legislature to create a reasonable time frame to enable manufacturers and distributors as well as their insurance carriers to calculate injury claims arising from the production of goods without compromising the rights of users or consumers of such goods to bring actions for damages within a reasonable number of years after the sale of the product. Although the proposed Uniform Product Liability Act (63 A.L.R.3d Product Liability § 221, 1980 Supplement) provides for a ten year limit without an absolute cutoff date, the Court cannot say that the Tennessee act which does provide an absolute limit would be impermissibly arbitrary. The Court also notes the existence of other absolute time limitations existing under Tennessee law which have been approved by the Tennessee Supreme Court: TCA § 23–3415(a) allowing but three years in medical malpractice actions from the date medical services were rendered, *see Harrison v. Schrader*, 569 S.W.2d 822 at 822 (Tenn. 1978); TCA §§ 28–314 to 28–318 providing four years in suits for damages arising from improvements to real property, *see Watts v. Putnam County*, 525 S.W.2d 488 (Tenn. 1975). Based upon the foregoing analysis the Court is of the opinion that despite any harshness arising in individual cases, *Watts, supra*, 525 S.W.2d at 492, TCA § 23–3703 cannot be said to be sufficiently arbitrary or unreasonable as to be constitutionally impermissible.

■ The Court turns next to a consideration of the other arguments stated by the plaintiffs in opposition to the motion for summary judgment, two of which merit comment. The plaintiff's first such contention is that the present action, having arisen in the course of the plaintiff's employment, would be governed by the "one year from date of injury" limitation contained in the Tennessee Workers' Compensation Act (TCA § 50–914) rather than the 10-year limitation period as provided in the Tennessee Products Liability Act (TCA § 23–3703). It is undisputed that this lawsuit arose in circumstances giving rise to a workers' compensation claim. The complaint as originally filed in the Circuit Court of Hamilton County, Tennessee indicates that the action was brought pursuant to TCA § 50–914. However, the mere fact that the Workers' Compensation Act permits the filing of an action to supplement any award under the Act, does not negate a defendant's right to any existing defenses to that action such as the statute of limitations provision of TCA § 23–3703. There is some authority for the proposition that an action brought within the one-year time limit of Section 50–914 need not be barred by the one-year general tort limitation of TCA § 28–304. *Dobbins v. Terrazo Machine & Supply Co.*, 479 S.W.2d 806 (Tenn. 1972). At the time of the *Dobbins* decision the one-year limit of TCA § 28–304 had been construed to run from the date of a product's sale. Facing a situation in which no additional recovery would be permitted, the Tennessee Supreme Court relied upon the well established proposition that where a general statute of limitations conflicts with a more specific legislative enactment that it must be said that the Legislature intended the more specific limitation to control. Since the *Dobbins* decision, however, the Tennessee Products Liability Act of 1978 became law and it can no longer be said that TCA § 50–914 would control in the present case.

■ The last of the plaintiffs' assertions to be addressed is that the application of TCA § 23–3703 to the case at bar would violate Article II, Section 17 of the Tennessee Constitution which provides as follows:

Bills may originate in either House; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended.

The plaintiffs contend that since TCA § 23–3703 does not make a specific reference to TCA § 50–914, the ten-year limita-

tion may not bar an action brought pursuant to TCA § 50–914. Although it is apparent that the Workers' Compensation Act is not mentioned within the text of the Products Liability Act, the defendant asserts that the Products Liability Act does not in any sense repeal, revive or amend TCA § 50–914. The Court agrees. In *Harris v. Scnrader, supra,* and *Watts v. Putnam County, supra,* the Tennessee Supreme Court analyzed the application of "ceiling" type of statutes of limitations in the context of medical malpractice and real estate improvement as mentioned earlier, and found that such limits do not eliminate or curtail any right of action but instead are to be superimposed upon any existing limitations. By way of explanation the Tennessee Supreme Court suggested:

> A simple approach to the application of Section 28–314, et seq., to personal injury and property damage actions would be to first determine whether the appropriate statute (28–304 or 28–305) has run. If either has expired, the lawsuit may not be brought. If the appropriate period has not expired, the plaintiff should look to Section 28–314 et seq. If four years since the date of substantial completion has expired, absent fraud or wrongful concealment, the lawsuit may not be brought unless the cause of action arose in the fourth year after completion. *Watts v. Putnam County,* 525 S.W.2d at 493–494 (footnote omitted)

The Court concludes that such an approach would be proper with regard to TCA § 50–914. If that one-year limitation has not expired, such an action may be brought subject to the ten-year limitation of TCA § 23–3703. Having concluded that the ten-year limitation of TCA § 23–3703 applies to the facts in this case and that that section is a valid defense asserted on behalf of the defendant, D & J Press Company, the Court is of the opinion that the defendant's motion for summary judgment must be granted.

An appropriate order will enter.