COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

August 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

VIRGINIA LAMBERT, SUPERIOR ) C/A NO. 03A01-9802-CV-00071
HOME HEALTH CARE OF MIDDLE )
TENNESSEE, INC., and LEGION )
INSURANCE COMPANY, )
)
    Plaintiffs-Appellants, )
)
) APPEAL AS OF RIGHT FROM THE
v. ) HAMILTON COUNTY CIRCUIT COURT
)
)
)
)
INVACARE CORPORATION and )
NATIONAL MEDICAL EQUIPMENT OF )
THE SOUTHEAST, INC., )
) HONORABLE SAMUEL H. PAYNE,
    Defendants-Appellees. ) JUDGE


For Appellant Virginia Lambert    For Appellee Invacare Corp.

SONYA W. HENDERSON    SAMUEL L. FELKER
Thomas, Henderson & Pate    JOHN C. HAYWORTH
Murfreesboro, Tennessee    Bass, Berry & Sims, P.L.C.
    Nashville, Tennessee


For Appellants Superior Home    For Appellee National Medical
Health Care of Middle Tennessee,    Equipment of the Southeast,
Inc. and Legion Insurance Company    Inc.

JOHN THOMAS FEENEY    KENNETH R. STARR
Feeney & Lawrence, P.L.L.C.    Starr & Daniell, P.C.
Nashville, Tennessee    Chattanooga, Tennessee


O P I N I O N


AFFIRMED AND REMANDED    Susano, J.

1

Plaintiff Virginia Lambert ("Lambert") was injured on August 22, 1995, while in the course and scope of her employment with the plaintiff Superior Home Health Care of Middle Tennessee, Inc. ("Superior"). Lambert's injuries occurred while she was using a mechanical lift manufactured by defendant Invacare Corporation ("Invacare") and leased to Superior by defendant National Medical Equipment of the Southeast, Inc. ("National"). As Lambert was transferring a patient from a chair to a bed, one of the lift's wheels came off, forcing Lambert to bear the patient's weight and causing an injury to her back. As a result, Lambert received workers' compensation benefits, which were paid on behalf of Superior by the plaintiff Legion Insurance Company ("Legion").

Superior and Legion filed suit against Invacare and National on February 26, 1997, seeking damages and reimbursement for the compensation benefits previously provided to and on behalf of Lambert. Their complaint, which states that their action is brought pursuant to T.C.A. § 50-6-112 of the Workers' Compensation Law,[1] asserts claims based upon negligence, strict liability, and breach of warranty.

On June 19, 1997, Lambert filed an action for breach of warranty against the same defendants, Invacare and National, seeking damages for her injuries. Lambert's case was then consolidated with that of Superior and Legion.[2] The trial court subsequently dismissed all claims, holding that the applicable

---

[1] *See* T.C.A. § 50-6-101, *et seq.*

[2] For ease of reference, Lambert, Superior and Legion will be referred to collectively as "the plaintiffs."

2

statute of limitations had run with respect to each.  In so

holding, the trial court relied upon the limitations provisions

found in T.C.A. § 50-6-112, which section provides, in pertinent

part, as follows:

> (a) When the injury or death for which
> compensation is payable under the Workers'
> Compensation Law was caused under
> circumstances creating a legal liability
> against some person other than the employer
> to pay damages, the injured worker, or such
> injured worker's dependents, shall have the
> right to take compensation under such law,
> and such injured worker, or those to whom
> such injured worker's right of action
> survives at law, may pursue such injured
> worker's or their remedy by proper action in
> a court of competent jurisdiction against
> such other person.
>
> *    *    *
>
> (d)(1)  Such action against such other person
> by the injured worker, or those to whom such
> injured worker's right of action survives,
> must be instituted in all cases within one
> (1) year from the date of injury.
>
> (d)(2)  Failure on the part of an injured
> worker, or those to whom such injured
> worker's right of action survives, to bring
> such action within the one (1) year period
> shall operate as an assignment to the
> employer of any cause of action in tort which
> the worker, or those to whom such worker's
> right of action survives, may have against
> any other person for such injury or death,
> and such employer may enforce same in such
> employer's own name or in the name of the
> worker, or those to whom such worker's right
> of action survives, for such employer's
> benefit, as such employer's interest may
> appear, and the employer shall have six (6)
> months after such assignment within which to
> commence such suit.

Applying the above provisions, the trial court reasoned that

since Lambert -- the injured worker -- had not filed a claim

within the one-year limitations period, her cause of action was

3

barred by T.C.A. § 50-6-112(d)(1). By the same token, the trial court found that the additional period of limitations set forth at T.C.A. § 50-6-112(d)(2) operated to bar the claims of Superior and Legion, which had been filed more than 18 months after the date of Lambert's injury.

The plaintiffs appealed, raising the issue of whether their claims are instead subject to the four-year limitations period found at T.C.A. § 47-2A-506(1). That section provides, in pertinent part, that

> [a]n action for default under a lease
> contract, including breach of warranty or
> indemnity, must be commenced within four (4)
> years after the cause of action accrued....

Plaintiffs contend that their claims are for breach of warranty and are not related to Lambert's employment, and that the applicable statute of limitations period is thus four years, rather than the one-year/18-month periods set forth in T.C.A. § 50-6-112.

We cannot agree with the plaintiffs' contention. It is true that the subject limitations provisions are in conflict. By its own terms, however, T.C.A. § 50-6-112 expressly applies to situations where an injury compensable under the Workers' Compensation Law occurs under circumstances creating legal liability in a third party. T.C.A. § 50-6-112(a). That is precisely the situation in the instant case. The plaintiffs' argument that the statute of limitations cannot be "reduced" from four years to one year simply because the injury occurred while

4

Lambert was at work misses the point; the statute of limitations provisions in T.C.A. § 50-6-112(d) are necessarily implicated because Lambert's injury was compensable under the Workers' Compensation Law.

In construing T.C.A. § 50-6-112(d), we have previously held that

> [t]he statute is clear and unambiguous that for a period of one year from the date that the cause of action accrues, the employee... can institute suit against allegedly liable third parties.  However, the statute explicitly provides that at the expiration of the one year, the claim of the employee is assigned to the employer.... There is little doubt that the legislature intended for the employer or the workers compensation carrier to proceed with its assigned claim within eighteen months of the date the cause of action accrues.

*Craig v. R.R. Street & Co., Inc.*, 794 S.W.2d 351, 358 (Tenn.App. 1990); *see also Gibson v. Lockwood Products Division of J.L. Underwood*, 724 S.W.2d 756, 760 (Tenn.App. 1986).

Furthermore, it is well-established that specific statutory provisions generally will be given effect over conflicting general provisions.  *See Dobbins v. Terrazzo Machine & Supply Co.*, 479 S.W.2d 806, 809 (Tenn. 1972), and *Woodroof v. City of Nashville*, 192 S.W.2d 1013, 1015 (Tenn. 1946)("...the reason and philosophy of the rule [giving effect to specific statutory provisions over general ones] is that where the mind of the legislature has been turned to the details of a subject and they have acted upon it, a statute treating the subject in a

5

general manner should not be construed as intended to affect the more particular provision."). In **Dobbins,** an injured employee, who previously had received workers' compensation benefits, brought an action against the manufacturers of the machine that had caused his injuries. The Supreme Court held that the specific statute of limitations provisions now found at § 50-6-112 controlled over the general statute of limitations for personal tort actions.[3] **Dobbins**, 479 S.W.2d at 809.[4]

In light of the foregoing, we conclude that the facts of this case bring it squarely within the provisions of T.C.A. § 50-6-112. Accordingly, Lambert had, pursuant to T.C.A. § 50-6-112(d)(1), one year from the date of her injury within which to file her claim against Invacare and National. The injury occurred on August 22, 1995; Lambert's complaint was not filed until June 19, 1997, some twenty-two months later. Once Lambert's year in which to file had expired without suit being filed, her cause of action was automatically assigned by the statute to her employer, Superior; from that point, Superior had six months in which to commence its own action. *See* T.C.A. § 50-6-112(d)(2). It is clear that Superior and Legion did not file their complaint until February 26, 1997 -- just over 18 months from the date of the accident, or six months and 4 days from the

---

[3]At the time **Dobbins** was decided, there existed a conflict between the limitations periods set forth in the two statutes.

[4]*Cf.* **Turner v. Aldor Co. of Nashville**, 827 S.W.2d 318, 322 (Tenn.App. 1991), in which we held that the injured plaintiff's breach of warranty claim was governed by the four-year statute of limitations in T.C.A. § 47-2-725(1), rather than the general limitations period contained in T.C.A. § 28-3-104(a)(1). The instant plaintiffs' reliance on **Turner** is misplaced, however; although that case involved an on-the-job injury, the workers' compensation statutes, and T.C.A. § 50-6-112 in particular, were not mentioned in that case. The issues now before us do not appear to have been raised in **Turner**.

6

date on which Lambert's cause of action was statutorily assigned.

We therefore hold that the trial court correctly applied the statute of limitations provisions contained in T.C.A. § 50-6-112(d) in dismissing the plaintiffs' claims.[5] The decision of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
William H. Inman, Sr.J.

---

[5]Given this conclusion, we need not address the additional issue raised by National, *i.e.*, that the plaintiffs have no cause of action against the defendants under T.C.A. § 47-2A-216.

7