IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 8, 2005 Session

## KAITLYN CALAWAY EX REL. KATHLEEN CALAWAY  v.  JODI SCHUCKER, M.D.

**Rule 23 Certified Question of Law**
**United States District Court for the Western District of Tennessee**
**No. 02-2715-B     Hon. J. Daniel Breen, Judge**

_____

**No. M2004-02856-SC-R23-CQ - Filed December 9, 2005**

_____

Pursuant to Rule 23, we accepted four certified questions of law from the United States District Court for the Western District of Tennessee. The third certified question is the central question of the four and is dispositive of the others: Is the three-year statute of repose for medical malpractice in Tennessee Code Annotated section 29-26-116, which contains no exception for minority, tolled during a plaintiff's minority?  Our answer is that the three-year statute of repose for medical malpractice actions is not tolled during the plaintiff's minority. Giving effect to the plain language of the statute and finding no exception for minority among the two express exceptions in it—and cognizant of our constitutional role as interpreters, not makers, of the law—we hold that plaintiffs in their minority are bound by the three-year medical malpractice statute of repose. However, in order to avoid undue hardship to potential plaintiffs who have justly relied upon federal court and lower court precedents erroneously stating the opposite rule, the new rule we announce today is to apply prospectively only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose.

### Tenn. Sup. Ct. Rule 23 Certified Question of Law

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, and ADOLPHO A. BIRCH, Jr., JJ. joined. JANICE M. HOLDER, J., filed a dissenting opinion, in which E. RILEY ANDERSON, J., joined.

Carroll C. Johnson, III, and Timothy Holton, Memphis, Tennessee, for the appellant, Kaitlyn Calaway, ex rel. Kathleen Calaway

Darrell E. Baker, Jr., David Shaw Sadlow, and Deborah Whitt, Memphis, Tennessee, for the appellee, Jodi Schucker, M.D.

Craig P. Sanders and Marty R. Phillips, Jackson, Tennessee, for Amicus Curiae, Tennessee Medical Association

John A. Day, Brentwood, Tennessee, for Amicus Curiae, Tennessee Trial Lawyers Association

OPINION

FACTUAL BACKGROUND

At the core of the certified questions presented to us in this case is whether, by virtue of Tennessee's "legal disability statute," Tennessee Code Annotated section 28-1-106 (2000), the plaintiff's minority tolls the three-year statute of repose for medical malpractice claims set forth in Tennessee Code Annotated section 29-26-116(a)(3) (2000). The action from which these Rule 23 certified questions arose was filed in the United States District Court for the Western District of Tennessee by Kathleen Calaway, on behalf of her minor daughter, Kaitlyn Calaway, against Jodi Schucker, M.D., on September 13, 2002. The plaintiff alleges that on February 20, 1996, the defendant performed negligently in the course of the birth and delivery of the minor plaintiff, Kaitlyn Calaway, resulting in severe and permanent injury to Kaitlyn. The plaintiff had filed a previous negligence action in 1997 in the Circuit Court for Shelby County, Tennessee, on behalf of the minor plaintiff against Shelby County Health Care Corporation, d/b/a Regional Medical Center, and the University of Tennessee Medical Group—but the defendant in the present controversy, Dr. Schucker, was not joined to that case. The parties to the earlier lawsuit settled in 2002, and a release was signed covering the defendants to that controversy but specifically reserving the plaintiff's causes of action against Dr. Schucker.

On August 4, 2004, the federal district court in the present case granted in part and denied in part the defendant's motion for summary judgment. In partially denying the defendant's motion, the court relied on dicta in our decision in Penley v. Honda Motor Co., 31 S.W.3d 181 (Tenn. 2000). In Penley, we expressed our strong disapproval of the reasoning underlying the Tennessee Court of Appeals' decision in Bowers v. Hammond, 954 S.W.2d 752 (Tenn. Ct. App. 1997); yet we permitted to stand its central holding that Tennessee's medical malpractice statute of repose does not supersede or suspend the operation of the legal disability statute, Tennessee Code Annotated Section 28-1-106, which tolls the limitations period for minority by allowing the plaintiff to bring a lawsuit within the first year of his or her majority. On this basis, the federal court denied Dr. Schucker's motion for summary judgment on all the plaintiff's claims other than for medical expenses.

But concerning the minor plaintiff's medical-expense claims, the federal court granted the defendant's motion for summary judgment. Relying on an unreported opinion of the United States District Court for the Western District of Tennessee in McBride v. Shutt, No. 00-1302, 2002 W.L. 1477211 (W.D. Tenn. July 2, 2002), which in turn relied on Dudley v. Phillips, 405 S.W.2d 468

(Tenn. 1966), the court concluded that because an action for a minor's medical expenses both belongs to the minor's parents and is separate and distinct from any cause of action for injuries to the child, this cause of action was barred by the statute of limitations, Tennessee Code Annotated section 29-26-116(a)(1), since it was filed beyond the statute's one-year limitations period.

The plaintiff requested that the federal court modify or amend its judgment because, in her view, it left unresolved the issue of whether the minor plaintiff could pursue an action against the defendant for medical expenses incurred after she reached majority. We have never had occasion to answer that question directly.

The defendant, given the lack of a definitive statement of law from this Court on the issue of whether Tennessee's medical malpractice statute of repose is tolled by the plaintiff's minority, also seeks clarification of our state's law.

The parties filed a joint motion in federal court to certify questions of law to this Court. The federal court issued a certification order on November 24, 2004, which was filed with us on December 1, 2004. The certification order did not designate either party as the movant. We also granted the respective motions of the Tennessee Medical Association and the Tennessee Trial Lawyers' Association to file amicus curiae briefs in this case.

The following four questions were certified by the federal court and accepted by this Court:

(1) Does a minor child have a personal claim for medical expenses arising from an injury caused by the fault of another when the claim of the child's parent for such medical expenses is barred by a statute of limitation or repose?

(2) Does a minor child who is injured have a personal claim for medical expenses accruing after the age of majority?

(3) Is the three-year statute of repose for medical malpractice in Tennessee Code Annotated section 29-26-116, which contains no exception for minority, tolled during a plaintiff's minority?

(4) Is a physician defendant denied equal protection of the law wherein an exception to the statute of repose contained in Tennessee Code Annotated section 29-26-116 is created for minority in medical malpractice cases, while no similar exception exists in product liability and construction cases?

Starting with the third question, and for the reasons that follow, we answer that the plaintiff's minority does not toll Tennessee's medical malpractice statute of repose, Tennessee Code Annotated section 29-26-116(a)(3). However, to avoid undue hardship to potential plaintiffs who have relied upon the Bowers rule, the new rule we announce today is to have prospective application only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority

tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose. Consequently, our answer to the first question is that for cases commenced on or before December 9, 2005, a minor child's personal claims for medical expenses arising from a medical malpractice injury are not barred by the statute of repose; for cases commenced after December 9, 2005, a minor child's personal claims for medical expenses arising from a medical malpractice injury are barred by the statute of repose. As to the second question, we answer that if the child's personal claims are barred by the statute of repose, that action cannot be brought by the child upon reaching majority. Finally, as to the forth question, we hold that the defendant's equal protection rights are not violated by either retroactive application of the old rule to her or by prospective-only application of the new rule to similarly situated defendants.

## STANDARD OF REVIEW

The touchstone of this Court's role in statutory interpretation "is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)); see also State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000); State v. Butler, 980 S.W.2d 359, 362 (Tenn. 1998). We determine intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning," Flemming, 19 S.W.3d at 197 (citing Butler, 980 S.W.2d at 362), and if the language of a statute is clear, we must apply its plain meaning without a forced interpretation. Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000).

## ANALYSIS

This case presents us with our first direct opportunity to address the question whether the minority provisions of Tennessee's legal disability statute, Tennessee Code Annotated section 28-1-106, toll the medical malpractice statute of repose, Tennessee Code Annotated Section 29-26-116(a)(3). The plaintiff contends, on the basis of several decisions issued by lower state courts and one federal district court, that minority tolls the three-year statute of repose. The defendant argues, largely on the basis of statements we made in two recent cases, Penley v. Honda Motor Co., 31 S.W.3d 181 (Tenn 2000), and Mills v. Wong, 155 S.W.3d 916 (Tenn. 2005), that the statute of repose is not tolled by the plaintiff's minority.

The two statutes at issue here state, respectively, as follows:

Tennessee Code Annotated section 28-1-106:
If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of

-4-

limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability.

Tennessee Code Annotated section 29-26-116:
(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.
(2) In the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.
(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.
(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body, in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

We begin our analysis by noting the distinction between statutes of limitations and statutes of repose. A statute of limitations normally governs the time within which legal proceedings must be commenced after a cause of action accrues. A statute of repose, on the other hand, limits the time within which an action may be brought and is unrelated to the accrual of any cause of action. Jones v. Methodist Healthcare, 83 S.W.3d 739, 743 (Tenn. Ct. App. 2001).

A further distinction is that statutes of repose are substantive rather than procedural. "Statutes of repose are substantive and extinguish both the right and the remedy while statutes of limitations are procedural, extinguishing only the remedy." Id. Thus, a statute of repose typically

> does not bar a cause of action; its effect, rather, is to prevent what might otherwise be a cause of action from ever arising. . . . The injured party literally has *no* cause of action. The harm that has been done is *damnum absque injuria*—a wrong for which the law allows no redress. The function of the statute is thus rather to define substantive rights than to alter or modify a remedy.

Rosenberg v. Town of North Bergen, 293 A.2d 662, 667 (N.J. 1972) (emphasis in original). A statute of repose, however, does not always extinguish the cause of action before it accrues: "'Where the injury occurs within the [repose] period, and a claimant commences his . . . action after the [repose] period has passed, an action accrues but is barred. Where the injury occurs outside the [repose] period, no substantive cause of action ever accrues, and a claimant's actions are likewise barred.'" Penley, 31 S.W.3d at 184 (quoting Gillam v. Firestone Tire & Rubber Co., 489 N.W.2d 289, 291 (Neb. 1992)). In short, "[s]tatutes of repose operate differently [from] . . . statutes of limitation[s]" because statutes of repose impose "an *absolute time limit* within which action must be brought." Penley, 31 S.W.3d at 184 (emphasis added).

In light of the distinction between statutes of limitations and repose, we note that this Court has consistently characterized Tennessee Code Annotated section 29-26-116(a)(3) as a statue of repose. As early as 1978, in Harrison v. Schrader, 569 S.W.2d 822, 824 (Tenn. 1978), our first

encounter with this statute, we described it as "an absolute three-year limit upon the time within which malpractice actions, with two [express] exceptions, could be brought" and also as "an outer limit or ceiling superimposed upon the existing statute [of limitations]." In Cronin v. Howe, 906 S.W.2d 910, 913 (Tenn. 1995), we stated that the statute "places an absolute three-year limit upon the time within which malpractice actions can be brought." And earlier this year, in Mills, 155 S.W.3d at 920, we stated that the statute of repose "expresses a legislative intent to place an absolute three-year bar beyond which no medical malpractice right of action may survive."

We recognize that the Legislature may, in some instances, allow plaintiffs to commence a lawsuit despite the absolute nature of applicable statutes of repose. For example, we find a clearly stated exception in the medical malpractice statute of repose for fraudulent concealment. See Tenn. Code Ann. § 29-26-116(a)(3). The plaintiff's amicus here argues that the legal disability statute, Tennessee Code Annotated section 28-1-106, was intended by the Legislature to serve as an exception to the medical malpractice statute of repose, citing in support a string of cases from lower state courts and one federal court. See, e.g., Parlato v. Howe, 470 F.Supp. 996 (E.D. Tenn. 1979); Braden v. Yoder, 592 S.W.2d 896 (Tenn. Ct. App. 1979), Bowers v. Hammon, 954 S.W.2d 752 (Tenn. Ct. App. 1997).

We respectfully disagree with the plaintiff's amicus' argument. As we have stated above, the medical malpractice statute of repose imposes an absolute three-year bar on such actions, with the exception of the exemptions in the statute itself. In Penley, we stated that "when the General Assembly has desired that exceptions apply to a statute of repose, . . . the exception is either found with the language of the statute itself, or in another part of the code specifically referencing the particular statute of repose." Penley, 31 S.W.3d at 184-85. We find neither requirement satisfied in this case for minority. The medical malpractice statute of repose contains no express exception for minors. Neither does any other part of the Code, including the legal disability statute, reference the statute of repose with respect to minors.

Our approach to statutory construction begins with the statute's language, and if it can end there—with our finding of a clear meaning of the Legislature's intent—then we must stop. "Our search for a statute's purpose begins with the words of the statute itself. If the statute is unambiguous, we need only enforce the statute as written[,]" with no recourse to the broader statutory scheme, legislative history, historical background, or other external sources of the Legislature's purpose. In re Conservatorship of Clayton, 914 S.W.2d 84, 90 (Tenn. Ct. App. 1995). The statute of repose itself—by its words "[i]n no event shall any such action be brought more than three years after the date on which the negligent act or omission occurred"—expresses a clear intent by the Legislature to absolutely limit to three years the time within which malpractice actions can be brought.[1] Harrison, 569 S.W.2d at 824; Mills, 155 S.W.3d at 920.

---

[1] The dissent argues that the placement of the medical malpractice statute of repose immediately following the codification of the discovery rule shows the Legislature's intent that the phrase "in no event" in section 29-26-116(a)(3) merely limits the discovery rule and does not supercede the legal disability statute. Unlike the dissent, we construe this phrase "in no event" to mean just that—in no event.

In Penley, we applied the statutory-construction canon *expressio unius est exclusio alterius* ("to mention one thing is to exclude others") to refrain from finding an implied exception for mental incompetents that would toll the products liability statute of repose, Tennessee Code Annotated section 29-28-103. "[W]e will not rewrite this statute to insert other categories not intended by the General Assembly. If the General Assembly intended for mental incapacity to toll the ten-year statute of repose, it could easily have done so. . . ." Penley, 31 S.W.3d at 185-86. The same analysis applies to the present case: we will not rewrite the medical malpractice statute of repose to include an exception for minors when it appears from the statutory language that the Legislature did not intend such an exception.

Although it is true that we did, in Penley, acquiesce in the Bowers holding by "limit[ing] the precedential weight of [the Bowers] opinion to its explicit holding that the three-year medical malpractice statute of repose is tolled during the minority of the plaintiff," 31 S.W.3d at 185, we chose not to overrule Bowers because the issue was not squarely presented in that case, as it is here. Moreover, the plaintiff's reliance on this statement is misplaced because our acquiescence was clearly in dicta. Not only did the two cases come to differing conclusions—Penley declining to find an exemption for mental incompetents to Tennessee's products liability statute of repose, and Bowers implicitly finding an implied exemption for minors to the medical malpractice statute of repose—the respective bases upon which the two holdings rested were entirely different as well. In fact, we expressed our total disagreement with the reasoning employed by the Bowers court to reach its holding.

> We disagree with the rationale used by the Bowers court to find implied exceptions for minority and mental incompetence to the three-year medical malpractice statute of repose. The Bowers holding is in stark contrast to the plain language of the statute, which admits of no tolling other than for fraudulent concealment, and the holding fails to recognize the policies underlying the statute of repose itself.

Id., 31 S.W.3d at 188.

We now expressly overrule the Bowers and Braden courts and hold that the plaintiff's minority does not toll the medical malpractice statute of repose. We do so not only on the basis of the clear language of the statute and our consistent characterizations of the medical malpractice statute of repose as an absolute three-year bar to such claims. We also stress our holding in Penley that the legal disability statute, Tennessee Code Annotated section 28-1-106, serves to toll only statutes of limitations and not statutes of repose. "[T]his section is only applicable to extend the running of a statute of limitations, and we will not interpret the legal disability statute to give it effect beyond the fair import of its terms." Penley, 31 S.W.3d at 186. Further, "[w]here the General Assembly enacts some specific limitations period as part of an overall statutory scheme, these specific limitations will apply over more general provisions found elsewhere in the code." Id. at 187 (citing Dobbins v. Terrazzo Mach. & Supply Co., 479 S.W.2d 806, 809 (Tenn. 1972)). To accept the argument that the legal disability statute trumps the medical malpractice statute of repose "would

be to defeat the very purposes behind the enactment" of the latter. Id. We cannot, under the guise of judicial interpretation of the statute, in effect rewrite the law and thus substitute our own policy preferences for the Legislature's.[2]

We emphasize that our holding here is an attempt to ascertain and apply the Legislature's intent in passing the medical malpractice statute of repose, and our analysis relies on the plain meaning of the terms employed by the General Assembly to compose the statute. "Where the language of the statute 'is clear and unambiguous, then this Court will give effect to the statute according to the plain meaning of its terms.'" Penley, 31 S.W.3d at 185 (quoting Lavin v. Jordan, 16 S.W.3d 362, 365 (Tenn. 2000)). Our holding here comports with our approach to interpreting the medical malpractice statute of repose in Mills and the products liability statute of repose in Penley.

"In civil cases retrospective application of a decision overruling an earlier decision ordinarily is denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent." Marshall v. Marshall, 670 S.W.2d 213, 215 (Tenn. 1984). In order to avoid undue hardship to potential plaintiffs who have relied upon the Bowers rule, the new rule we announce today is to have prospective application only. Therefore, for cases commenced on or before December 9, 2005, we hold that the plaintiff's minority tolls the medical malpractice statute of repose. For cases commenced after December 9, 2005, we hold that the plaintiff's minority does not toll the medical malpractice statute of repose.

Finally, we reject the defendant's equal protection claims. We have consistently held that the state equal protection guarantee is co-extensive with the equal protection provisions of the Fifth and Fourteenth Amendments of the U.S. Constitution. See, e.g., Tenn. Small Sch. Sys. v. McWherter, 851 S.W.2d 139, 152 (Tenn. 1993).

The defendant's argument that her equal protection rights under the Tennessee Constitution are violated by (retrospective) application of the Bowers rule to her has no merit. It is elementary that where neither fundamental rights nor suspect classifications are at issue, rational basis scrutiny applies. Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (U.S. 1976). Here, the Legislature could have had any number of rational bases for the differential treatment of minority tolling in the area of medical malpractice, including the perceived crisis in medical malpractice insurance.

Similarly, with respect to the prospective-only application of the rule we announce today, the equal protection issue is answered by Great Northern Railway Co. v. Sunburst Oil and Refining Co., 287 U.S. 358 (1932). Writing for the Court, Justice Cardozo held that state supreme courts are not

---

[2] The dissent asserts that minority tolling is appropriate because the claim of a young minor could be eliminated before the minor has a meaningful opportunity to assert that claim or lose his or her cause of action through the neglect of others. However, it is not the role of this Court to rewrite the statute in order to remedy any perceived unfairness. The dissent's argument is best addressed to the Legislature.

constrained from prospectively applying new interpretations of state statutes by "anything contained in the Constitution of the United States." Id. at 366. Specifically, he wrote:

> We think the Federal Constitution has no voice upon the subject [of prospective application]. A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions. . . . [N]ever has doubt been expressed that it may so treat them if it pleases, whenever injustice or hardship will thereby be averted.

Id. at 365. The Supreme Court has not expressly overruled Sunburst, and its holding continues to be followed. See, e.g., Fiore v. White, 149 F.3d 211, 224-227 (3d Cir. 1998) (noting "the Supreme Court's longstanding position that 'the federal constitution has no voice upon the subject' of retroactivity" (quoting Sunburst) and stating that "the [Supreme] Court has never tied application of this principle [i.e., retroactivity of a newly announced rule of state law] to the Equal Protection Clause").

We expressly adopt the Sunburst holding. Consequently, the defendant's equal protection claim must fail.

CONCLUSION

On the basis of the foregoing analysis, we answer the four certified questions presented to us as follows:

Question 1: Does a minor child have a personal claim for medical expenses arising from an injury caused by the fault of another when the claim of the child's parent for such medical expenses is barred by a statute of limitation or repose?

Answer: No.

Question 2: Does a minor child who is injured have a personal claim for medical expenses accruing after the age of majority?

Answer: If the minor child's personal claim is barred by the operation of Tennessee Statute Annotated section 29-26-116, then the claim continues to be barred once the minor reaches majority.

Question 3: Is the three-year statute of repose for medical malpractice in Tennessee Code Annotated § 29-26-116, which contains no exception for minority, tolled during a Plaintiff's minority?

Answer: For cases commenced on or before December 9, 2005, the plaintiff's minority tolls

the medical malpractice statute of repose. For cases commenced after December 9, 2005, the plaintiff's minority does not toll the medical malpractice statute of repose.

Question 4: Is a physician Defendant denied equal protection of the law wherein an exception to the statute of repose contained in Tennessee Code Annotated § 29-26-116 is created for minority in medical malpractice cases, while no similar exception exists in product liability and construction cases?

Answer: No.

The costs of this case are to be taxed against Kaitlyn Calaway, ex rel. Kathleen Calaway.

_____
WILLIAM M. BARKER, CHIEF JUSTICE